J. T. HUNT ET AL., ADMINISTRATOR, V. THE NORTH CAROLINA RAILROAD COMPANY.

(Filed 15 December, 1915.)

**1. Railroads— Public Crossings— Automobiles— Vehicles— Negligence—Repairing Tracks—Trials—Evidence—Questions of Law.**

The plaintiff's intestate was killed while crossing in an automobile the defendant's railroad crossing, much used, and his administrator seeks to recover damages upon the ground that had the crossing been in a proper condition the automobile would not have been impeded, and so would have avoided being struck by a passing train, which caused the injury. The evidence showed that defendant's employees had been repairing a bad condition of the track at this place for two or three days, had raised the track, replaced some crossties, and had filled in with cinders, which had been packed in place by defendant's employees and by passing vehicles for the time stated; and, by an experienced witness, that cinders were best for this purpose. A witness for plaintiff testified that certain other material would have been better, but acknowledged that he was inexperienced in this class of work and was not speaking with knowledge. *Held,* the evidence was not sufficient to take the case to the jury upon the question of any negligent breach of defendant's duty in reference to the condition of the crossing, either as to the material or the manner in which it was applied.

**2. Railroads — Crossings — Contributory Negligence — Stopping—Reasonable Precautions.**

It is not always required that a driver of a vehicle, before endeavoring to cross a railroad track at a public crossing, should come to a stop; and where he has been struck and injured by a passing train, and it is established that he looked and listened with a proper regard to his own safety, his having attempted to cross without coming to a full stop will not, of itself, constitute such contributory negligence as will bar his right to recover damages in his action therefor.

**3. Railroads—Automobiles—Vehicles—Occupants—Negligence Imputed.**

Negligence on the part of the driver of an automobile will not be imputed to another occupant or passenger therein, unless such other occupant is the owner or has some kind of control over the driver; and this principle is applied in this case, where the chauffeur attempted to cross a railroad track at a public crossing, resulting in injury to another occupant of the car arising from the car being struck by a passing train.

**4. Appeal and Error—Negligence—Error as to One Issue—Prejudicial Error—New Trial as to All Issues.**

The plaintiff's intestate, a passenger in an automobile, was killed by a locomotive striking the car as the driver was attempting to cross the track at a public crossing. Under the evidence the court properly submitted the issue to the jury whether the defendant's engineer gave proper signals or warnings of the approaching train, but erroneously submitted for their determination the question of whether obstructions on the track caused the injury alleged: *Held,* the error committed was prejudicial to defendant and reversible, and a new trial is ordered on all of the issues.

WALKER and BROWN, JJ., concur in the result.

APPEAL by defendant from *Lyon, J.,* at January Term, 1915, of GUILFORD.

Civil action. The action was to recover damages for the alleged negligent killing of the intestate, and there was evidence on the part of plaintiff tending to show that on 3 June, 1914, intestate and others were in an automobile going to their work about seven miles west of Greensboro, and, as they were endeavoring to cross the track of defendant company at a much-frequented crossing, just beyond the city limits, they were run on by the train of defendant company, the machine crushed and intestate killed; that the car belonged to John T. Hunt, a contractor and one of employers of deceased, and was being driven or operated at the time by R. H. Stanford, a cocontractor and partner of the owner, and, at the time of the collision, the defendant's train approached the crossing from the west at a very rapid rate of speed and without having sounded the whistle, rung the bell, or in any way given warning of the approach. It was claimed by plaintiffs that there was evidence also tending to show that the crossing at the time was in a defective condition, and that this also was a contributory and proximate cause of the injury.

Defendant denied that it was negligent in either of the respects suggested, and offered evidence tending to support its position. On the three usual issues of negligence, contributory negligence and damages, there was verdict for plaintiffs. Judgment, and defendant excepted and appealed.

*John A. Barringer for plaintiff.*
*Wilson & Ferguson for defendant.*

HOKE, J. The question of defendant's liability on the first issue was submitted to the jury in two aspects:

1. That the train approached the crossing without adequate warning, thereby wrongfully causing the death of intestate.

2. That the crossing was in a defective condition, impeding the progress of the car, and that this was a contributing and proximate cause of the killing.

There was evidence on the part of plaintiff tending to establish the first proposition, and it was proper, therefore, to submit the issue to the jury; but on careful consideration of the record we are of opinion that there were no facts in evidence tending to establish negligent default as to second position, and, for this error, defendant is entitled to a new trial of the issues. In this respect, there was evidence tending to show that, just before the accident, one or two days, the track at this crossing having become depressed or sunk in, the section master of defendant company and his assistants had raised the track at this crossing some eight inches, put new crossties under it and filled it in with cinders, allowing this to settle overnight; they returned in the morning and filled it up again. and there had been a lot of passing over it during the day with vehicles and machines, having a tendency to pack it. This

witness testified that he regarded cinders as about the best thing that could be used for making a good crossing, and that he always used them for that purpose when they could be had. True, another witness testified that he thought plank or fine rock would make a better crossing, but the witness also said that he had had no experience in repairing crossings, and on perusal of the entire testimony we find no sufficient evidence to carry the question to the jury of any negligent breach of duty on the part of the company in reference to the condition of the crossing, either as to the material or the manner in which it was applied, and there was, as stated, prejudicial error in allowing the jury to consider the case in that aspect.

And it was proper, also, to submit to the jury the question of contributory negligence on the part of the intestate. There was evidence tending to show that the driver of the automobile looked and ·listened before entering on the crossing, and it is held with us that it is not always, and as a matter of law, required that a vehicle should come to a stop before endeavoring to cross. *Shepard v. R. R.,* 166 N. C., 539, and *Elkin v. R. R.,* 86 S. E., 762.

Furthermore, it is held by the great weight of authority that negligence on the part of the driver of an automobile will not, as a rule, be imputed to another occupant or passenger unless such other occupant is the owner or has some kind of control over the driver. This is undoubtedly the view prevailing in this State. See a learned opinion on the subject by *Associate Justice Douglas* in *Duval v. R. R.,* 134 N. C., 331, citing *Crampton v. Ivie,* 126 N. C., 894, both of these decisions being approved in the more recent case of *Baker v. R. R.,* 144 N. C., 37-44. And see, also, a valuable article on the subject in 2 Ruling Case Law, secs. 42 and 43, in which the position is also stated with approval, and *Non v. R. R.,* 232 Ill., 378. There is nothing in the case of *Bagwell v. R. R.,* 167 N. C., 611, that in any way militates against this position. On the contrary, the principle announced in *Crampton v. Ivie* is there expressly approved, and the verdict and judgment in favor of the railroad was sustained on the ground that, under the charge of the court, the jury had necessarily negatived any negligence on the part of the defendant.

On the second issue, the case seems to have been submitted in recognition of the principle, and, on the record *as it now stands,* we find no error in the way the case was presented tó the jury on that issue. But for the error as to the defective crossing defendant is entitled to a general new trial, and the same is ordered on all the issues.

New trial.

WALKER and BROWN, JJ., concur in the result.