WILLIAM TURNER HINNANT v. ATLANTIC COAST LINE RAILROAD
COMPANY AND ENOCH KING.

(Filed 6 April, 1932.)

1. **Highways B k—Where negligence of driver is sole proximate cause of injury to guest, the guest may not recover of third person.**

    Although the negligence of the driver of an automobile will not ordinarily be imputed to a guest therein when the guest has no control over the car or driver, the guest may not recover from a third person for injuries suffered in a collision when the negligence of the driver is the sole proximate cause of the accident.

2. **Negligence B e—Where only one inference can be drawn from facts admitted, question of proximate cause is for the court.**

    Although the question of proximate cause is ordinarily for the determination of the jury, where, upon the facts admitted, only one inference can be drawn it is for the court to declare whether a given act or series of acts is the proximate cause of the injury in suit.

3. **Negligence B c—Where negligence of third person could not have been reasonably foreseen it insulates prior negligent act.**

    Where the intervening act of a third person could not have been foreseen by the defendant in the exercise of due care, such intervening act breaks the sequence of events and insulates the prior negligence of the defendant, and in this case *held:* the allegations of the complaint permitted of but the one inference that the acts of a third person could not have been reasonably foreseen by the defendant, and the defendant's demurrer to the complaint in an action for damages should have been sustained.

**4. Railroads D b—Held: acts of driver were not foreseeable and railroad's demurrer should have been sustained in action by guest.**

Where, in an action against the driver of an automobile and a railroad company to recover damages received by the plaintiff in a collision at a grade crossing, the complaint alleges that the plaintiff was a guest in the automobile and that he had no control over the driver of the car, and that the accident was caused by the negligence of the railroad company in failing to give any warning of the approach of its train at an obstructed grade crossing, and the negligence of the driver of the car in failing to keep his car under control so' that he could observe the law in regard to the speed limit at fifty feet of the crossing and the requirement that the driver should be able to stop the car before attempting to cross, C. S., 2621(46), under the conditions of the road at the time, and that the train came into view when the car was within 69 feet of the crossing but that the driver could not stop the car and that it hit the first or second box car after the engine, causing injury to the plaintiff: *Held*, upon the allegation of the complaint the negligence of the driver of the car could not have been reasonably foreseen by the engineer of the train and such negligence on the part of the driver was an intervening, proximate cause of the accident insulating the negligence of the railroad company as a matter of law, and the railroad company's demurrer should have been sustained.

CIVIL ACTION, before *Harris, J.,* at June Term, 1930, of NASH.

The plaintiff alleged that on 31 May, 1930, at about nine o'clock in the morning he was a guest, riding in an automobile owned and controlled by the defendant, Enoch King, and at the time was not engaged in a joint enterprise with said driver; that the car was traveling westwardly along the public highway and· approaching a grade crossing of the defendant, Atlantic Coast Line Railroad Company. The track of the railroad at the point where the injury occurred runs northwardly and southwardly. It is alleged: "At this crossing the railroad track runs through a cut and the public road has been graded down through the cut across the railroad track so that the view of the railroad employees operating its trains and of persons passing along the public road approaching said track from the east, was obstructed by a bank of earth and shrubbery growing thereon, sufficiently high to make said crossing a blind crossing. The public road passes over the crest of a hill about 300 feet east of said railroad track and from the crest of said hill the road is an inclined plane to said railroad track, the hill being about 22½ feet higher than the track. . . . As the automobile approached the crest of the hill a large sign indicating that a railroad crossing was ahead, appeared on the north side of said road, which sign was erected between the crest of the hill and the railroad track high enough to be plainly visible. . . . As defendant, King, drove his automobile over the crest of the hill the crossing sign was even more plainly visible

between the automobile and the railroad track; and the track itself, as well as telegraph poles alongside of it, and the crossing sign on the other side, were plainly visible to the driver of the automobile. Plaintiff knew defendant, King, was a good and experienced driver and had no reason whatever to suppose that the said King did not see the crossing sign and the railroad track in front of him, or that said King would not take the precaution made necessary thereby. The automobile proceeded at the rate of 25 or 30 miles per hour over the crest of the hill towards the track and down the grade. There was nothing to indicate by sight or sound that a train was approaching the crossing on the railroad track until the automobile was 69 feet from the eastern rail of the track, when a ninety-one car freight train with a heavy locomotive belonging to the defendant railroad, going north, burst into view at the crossing, appearing suddenly to plaintiff and defendant King from behind the embankment to their left, without having blown any whistle or rung any bell, or given any other sign or warning of its approach, and going at high speed. The weather was wet, the public road was slick, . . . and the grade was steep, and defendant King was driving his automobile in a deep rut of wet clay, some 25 or 30 miles per hour, so that, although defendant King applied his brakes, he was unable to turn out of the rut or bring his automobile to a stop before the car collided with the first or second freight car behind the locomotive, in the defendant railroad's train. The defendant King, before the moment of the impact and for the purpose of saving himself from a position of peril, produced by the joint negligence of himself and the railroad company, released his brakes and jumped out of the automobile on the left-hand side thereof; and as soon as this plaintiff saw that defendant King had released his foot brake and had abandoned all effort to avoid the collision by jumping out of the car, then this plaintiff endeavored to leave the car on the right side thereof, but found the door locked and the lock out of order so that it could not be opened from the inside, and then endeavored to leave the car on the left side, and was leaving same when one of his pant legs caught on the emergency brake lever of the automobile, and his foot was caught between the said lever and door frame, at the instant he jumped from the car, so that plaintiff was pitched out head foremost on the ground with his foot caught up in the car just at the moment the front of the automobile hit the train, causing the automobile to swing around against the plaintiff and throw plaintiff under the train in such a way that plaintiff's left foot was crushed by the wheels of the train, and also his leg between the ankle and knee, and his head bruised externally and internally, and back and shoulder wrenched," etc. Plaintiff further alleged that his serious and permanent

injuries were due to the joint negligence of the railroad company in failing to give a signal at an obstructed crossing. He further alleged that the defendant King "did not keep careful lookout and negligently failed to observe the crossing signs and the presence of the railroad track at the foot of the hill, and continued driving his car down grade toward the track at such rate of speed that under the condition of the road at the time he was unable by applying his brakes to stop his car or turn it aside out of danger in the space of 69 feet; that due to his carelessness and negligence in failing to keep a proper lookout he was traveling at such a rate of speed that he was unable to bring the speed of his car down to 15 miles per hour when approaching within 50 feet of said grade crossing, notwithstanding that his view was obstructed within the meaning of C. S., 2621(46) and was unable to bring his automobile to a stop within 50 feet but not closer than 10 feet from said railroad track as required by law, said crossing being sign-posted, both of which violations of law were the necessary result of his prior negligence in not exercising the care required of an ordinarily prudent man in keeping a lookout along the road; that if plaintiff was not injured by the negligence of both defendants, they being joint *tort-feasors,* as alleged, then the plaintiff was injured by the negligence of either Atlantic Coast Line Railroad Company or Enoch King, and in that event plaintiff is in doubt as to the party defendant from whom he is entitled to redress."

The defendants filed demurrers to the complaint. The defendant, Enoch King, demurred to the complaint on the ground of misjoinder of parties defendant and causes of action, and that said causes of action against the defendant, King, and the Railroad Company were inconsistent and repugnant to each other. The defendant Railroad Company demurred upon the ground that the complaint did not state facts sufficient to constitute a cause of action against said defendant for that the allegations of the complaint establish that the plaintiff was injured solely and proximately by the negligence of the driver, Enoch King, and upon the further ground of misjoinder of parties and causes of action.

At the hearing the trial judge overruled both demurrers and both defendants appealed to the Supreme Court.

*Battle & Winslow for plaintiff.*
*T. T. Thorne for defendant, Enoch King.*
*Thomas W. Davis and Spruill & Spruill for Atlantic Coast Line Railroad Company.*

BROGDEN, J. What are the tests established by law in determining when the negligence of the driver of an automobile "is the sole, proxi-

mate cause" of an injury to a passenger therein resulting from the collision between the automobile and a train at a grade crossing?

This Court has held with unbroken uniformity that the negligence of the driver of an automobile is not ordinarily imputed to a passenger who neither owns the car nor has any control of the car or driver, and who is not engaged in a joint enterprise with the driver at the time of his injury. Nevertheless, if the negligence of the driver is the "sole, proximate cause" of the injury, the passenger is not entitled to recover. *Earwood v. R. R.,* 192 N. C., 27, 133 S. E., 180.

It is not deemed essential to elaborate the definition of proximate cause or to discuss the intricate learning developed by courts and text-writers in dealing with that elusive term. Courts generally are committed to the proposition that if the facts are admitted and so clear that "there can be no two opinions among men of fair minds," or that "only one inference may be drawn from them," it is the duty of the court to declare whether a given act or series of acts is the proximate cause of the injury. Otherwise the question must be submitted to a jury. *Harton v. Telephone Co.,* 141 N. C., 455, 54 S. E., 299; *Taylor v. Stewart,* 172 N. C., 203, 90 S. E., 134; *Lineberry v. R. R.,* 187 N. C., 786, 123 S. E., 1.

In the present case the facts are set out in the complaint and the demurrers admit them to be true. Hence the question to be determined is whether such facts produce the conclusion that the acts of the driver constituted "the sole proximate cause of the injury."

The usual tests heretofore recognized by this Court may be classified as follows: (1) The negligence of the driver must be such as to bar his recovery if he should sue for any injury sustained by him. *Pridgen v. Produce Co.,* 199 N. C., 560, 155 S. E., 247. In that case, *Connor, J.,* writes: "If the conduct of the driver of the automobile was not such negligence as would bar his recovery, it is manifest that such conduct was not negligence insulating the negligence of the defendant, and therefore relieving defendant of liability to the plaintiff in this action, because its negligence was not the proximate cause of her injuries."

(2) The negligence of the driver must be palpable and gross. *Herman v. R. R.,* 197 N. C., 718, 150 S. E., 361. In that case, *Stacy, C. J.,* says: "Even if the engineer or fireman did fail to ring the bell or sound the whistle, of which there is only negative testimony with positive evidence to the contrary, still the defendant had a right to operate the train over its track, and the negligence of the driver of the automobile is so palpable and gross, as shown by plaintiff's own witnesses, as to render his negligence the sole proximate cause of the injury."

(3) If thé act of the driver is a new, independent, efficient and wrongful cause, intervening between the original wrongful act and the injury, then such act of such driver is deemed to be the proximate cause of the injury, upon the theory that the primary or original negligence was thereby insulated. *Craver v. Cotton Mills,* 196 N. C., 330, 145 S. E., 570. In that case, *Adams, J.,* declares the law to be: "While there may be more than one proximate cause, that which is new and entirely independent breaks the sequence of events and insulates the original or primary negligence. This principle would apply if it should be granted that the defendant was negligent with respect to the light in the tower." To the same effect is the opinion of *Clarkson, J.,* in *Lineberry v. R. R.,* 187 N. C., 786, 123 S. E., 1: "It is well settled that where the facts are all admitted, and only one inference may be drawn from them, the court will declare whether the act was the proximate cause of the injury or not. In the instant case the facts are all admitted, and the independent cause intervening—Qualls' pushing Lineberry under the train—was the sole proximate cause of the injury."

(4) The new, independent, efficient intervening cause must begin to operate subsequent to the original act of negligence and continue to operate until the instant of injury. *Ballinger v. Thomas,* 195 N. C., 517, 142 S. E., 761.

Foreseeability is the test of whether the intervening act is such a new, independent and efficient cause as to insulate the original negligent act. That is to say, if the original wrongdoer could reasonably foresee the intervening act and resultant injury, then the sequence of events is not broken by a new and independent cause, and in such event the original wrongdoer remains liable. This idea was expressed by *Hoke, J.,* in *Harton v. Telephone Co.,* 141 N. C., 455, as follows: "It will be seen that the test laid down by all of these writers, by which to determine whether the intervening act of an intelligent agent which has become the efficient cause of an injury, shall be considered a new and independent cause, breaking the sequence of events put in motion by the original negligence of the defendant, is whether the intervening act and the resultant injury is one that the author of the primary negligence could have reasonably foreseen and expected. If the intervening act was of that character, then the sequence of events put in motion by the primary wrong is not broken, and this may still be held the proximate cause of the injury. Numerous and well considered decisions by courts of the highest authority show that this is a correct statement of the doctrine."

The complaint paints the following picture: The driver of an automobile along a public road intersected by a railroad track, arrives at the crest of a hill 300 feet from the track. The hill is 22½ feet higher

than the track. His vision to the left is obstructed by shrubbery growing upon the right of way. There is a crossing sign plainly visible, and telegraph poles along the tracks give warning of the presence of a railroad. The road is wet and slippery. Notwithstanding, the driver does not slacken his speed or attempt to bring his car under control, but drives ahead at the rate of 25 or 30 miles an hour. A heavy freight train, more than a half mile long, drawn by a large locomotive traveling at high speed, is approaching the crossing, but gives no signal. When the driver of the automobile reaches a point 69 feet from the track the freight train "burst into view at the crossing." The law says to all drivers that, when they approach within 50 feet of an obstructed grade crossing, they must slow down to 15 miles an hour, but the voice of the law was unheeded. He attempted to stop the car, but he was operating it, under the circumstances, in such a manner that he could not control it, and thereupon he leaped from the car, leaving his passenger to his fate. The car plunges ahead and strikes the train at the first or second freight car behind the engine.

The allegations of the complaint, if supported by evidence, establish a cause of action against the defendant, King, and, therefore, the question is: Was his negligence a new, independent and efficient cause breaking the sequence of events produced by the failure of a railroad to give a signal, and insulating or isolating such negligence, thereby becoming the "sole proximate cause" of the injury? Applying the tests recognized by law, could the engineer of the train in failing to give the signal reasonably foresee that the driver of the automobile, hearing a signal or seeing the train on the crossing 69 feet away, would not have control of his car or operate it in violation of law at such a speed that it could not be stopped within 69 feet? The Court is of the opinion that the law did not impose upon the engineer the duty of foreseeing such negligent acts of the driver of the automobile. Foreseeability is not omniscience. "The law does not require omniscience." *Gant v. Gant,* 197 N. C., 164, 148 S. E., 34.

Hence the demurrer of the Railroad Company should have been sustained. The judgment overruling the demurrer of defendant, King, is sustained.

Having disposed of the appeal as indicated, it is deemed unnecessary to discuss other exceptions appearing in the record.

Appeal by railroad reversed.

Appeal by King affirmed.