STATE v. JOE McGEE.

(Filed 28 September, 1938.)

**1. Criminal Law § 43—Ordinarily courts will not inquire into the source of proffered evidence.**

Our courts, under the common law rule, are required to determine only the competency of proffered evidence, and will not inquire into the collateral question of whether the evidence was obtained by lawful means unless expressly required to do so by statute, provided the accused is not compelled to do any act which incriminates himself, or a confession or admission is not extorted from him.

STATE *v.* McGEE.

**2. Same: Intoxicating Liquor § 9b—Ch. 339, sec. 1½, Public Laws of 1937, does not render incompetent evidence obtained by unlawful search without warrant.**

Defendant's house was searched by officers without a search warrant, and a quantity of nontax-paid liquor was found on the premises. Defendant contended that the evidence obtained by the unlawful search of his premises was incompetent. *Held:* The provision of sec. 1½, ch. 339, Public Laws of 1937, that no facts discovered by reason of the issuance of an illegal warrant shall be competent, does not apply to evidence obtained by search without a warrant, the language of the statute being insufficient to require this conclusion, and the statute being in derogation of the common law rule.

DEVIN, J., dissenting.

STACY, C. J., concurs in dissent.

APPEAL by defendant from *Sink, J.,* at April Term, 1938, of SURRY. Affirmed.

This is a criminal action in which the defendant was tried under a bill of indictment charging the defendant with the unlawful possession of nontax paid liquor for the purpose of sale. Officers went to the premises of the defendant, took him into custody and searched his dwelling house and outbuildings. They found about twenty gallons of whiskey. There were 19 pint bottles, a 15-gallon keg, two one-gallon kegs and some fruit jars, all containing nontax paid liquor. There was a verdict of guilty. From judgment pronounced thereon defendant appealed.

*Attorney-General McMullan and Assistant Attorneys-General Bruton and Wettach for the State.*

*W. M. Allen for defendant, appellant.*

BARNHILL, J. The defendant does not contend that the evidence was insufficient to support the verdict. He challenges the competency of the testimony for that it was obtained as a result of an unlawful search and seizure. This presents but one question for determination: Do the provisions of sec. 1½ of ch. 339, Public Laws 1937, apply to a search without warrant and make evidence thus obtained incompetent?

Under the common law, with few exceptions, such as involuntary confessions, evidence otherwise competent is admissible irrespective of the manner in which it was obtained by the witness. The courts look to the competency of the evidence, not to the manner in which it was acquired. This rule has long been followed in the courts of North Carolina. *S. v. Graham,* 74 N. C., 646; *S. v. Mallett,* 125 N. C., 725 (affirmed by the United States Supreme Court on writ of error in *Mallett v. North Carolina,* 181 U. S., 589); *S. v. Thompson,* 161 N. C., 238, 76 S. E., 249; *S. v. Wallace,* 162 N. C., 623, 78 S. E., 1; *S. v.*

*Neville,* 175 N. C., 731, 95 S. E., 55; *S. v. Godette,* 188 N. C., 497, 125 S. E., 24; *S. v. Hickey,* 198 N. C., 45, 150 S. E., 615. The rule is stated in 1 Greenleaf Ev., sec. 254a, as follows: "It may be mentioned in this place that though papers and other subjects of evidence may have been illegally taken from the possession of the party against whom they are offered, or otherwise unlawfully obtained, this is no valid objection to their admissibility if they are pertinent to the issue. The court will not take notice how they were obtained, whether lawfully or unlawfully, nor will it form an issue to determine that question."

However unfair or illegal may be the methods by which evidence has been obtained in a criminal action, if relevant, it is as a rule admissible, provided the accused is not compelled to do any act which criminates himself, or a confession or admission is not extorted from him. Accordingly, evidence obtained by forcibly entering the house of an accused person and seaching it and the person accused, without any warrant or authority of law, is held not inadmissible to show the possession of articles tending to establish guilt, although the search and seizure may have been unlawful, unwarranted, unreasonable, and reprehensible. 10 R. C. L., page 932, sec. 98.

The courts determine the competency of evidence irrespective of the method by which it was procured. An objection to an offer of proof made on the trial of a cause raises no other question than that of its competency, relevancy and materiality. On such an objection the court cannot enter on the trial of a collateral issue as to the source from which the evidence was obtained, unless expressly required so to do by statute.

The pertinent section of the 1937 law provides: "Any officer who shall sign and issue, or cause to be signed and issued a search warrant without first requiring the complainant or other person to sign an affidavit under oath and examining said person or complainant in regard thereto shall be guilty of a misdemeanor; and no facts discovered by reason of the issuance of such illegal search warrant shall be competent as evidence in the trial of any action."

It is contended that the cited law made the testimony incompetent and inadmissible. We deem the language of the statute insufficient to require that conclusion. It constitutes a modification, and not an abrogation, of the common law rule. Whatever the intent of the Legislature may have been it failed to use language sufficient to extend beyond testimony acquired or discovered by reason, or through the use, of a search warrant issued in violation of the terms of the act. It cannot be given the force and effect of rendering incompetent evidence obtained through a search without warrant. The officers did not purport to act under authority of an illegal search warrant, but elected to proceed without any type of warrant.

As the common law rule of evidence existing in this State is abrogated only to the extent that evidence procured through the use of an illegal search warrant is now inadmissible, the court below properly admitted the testimony tendered by the State. The defendant's exceptions thereto cannot be sustained. The judgment below is

Affirmed.

DEVIN, J., dissenting: The only evidence in the case was that of the officer, who testified as follows: "I am the officer who investigated the case of Joe McGee. I went to the dwelling house of the defendant at State Road, N. C. I searched his dwelling house—where the defendant lives—Mr. McGee gave me no permission to search his premises, forbade me to search his place and objected to the search. I placed him under arrest before I searched his place and put him in a car with another officer. Nobody gave me permission to search his premises and in fact they objected to my search. He was in charge of the place and he objected to my search and told me not to search." The officer testified the search resulted in discovering twenty gallons of whiskey. It was admitted that the officer acted without any search warrant or warrant of arrest.

To this testimony defendant duly noted exception on the ground that it was rendered incompetent by ch. 339, Public Laws 1937, which provides that "no facts discovered by reason of the issuance of such illegal search warrant shall be competent as evidence in the trial of any action."

Prior to the enactment of this statute, unquestionably, the rule pervaded in North Carolina, as stated in the majority opinion, that evidence otherwise competent was admissible irrespective of the manner in which it was obtained by the witness, though a contrary rule obtained in other jurisdictions. 15 N. C. Law Review, 343.

But the Act of 1937 changed the rule as to evidence obtained by the use of illegal search warrants, and evinces the legislative intent by necessary implication that this remedial check upon acts in violation of common right should be extended to an unlawful search without a warrant. "The heart of a statute is the intent of the lawmaking body" (*Trust Co. v. Hood,* 206 N. C., 268, 173 S. E., 601). Since evidence so obtained is, by the statute, made incompetent upon the ground that the complainant failed to sign the affidavit to procure the warrant, the reason applies more strongly when the officer failed not only to verify his complaint but also to procure the warrant at all. If an illegal warrant fails to justify the search and renders the evidence obtained thereby incompetent, much more so should the absence of a warrant entirely be given the same effect. To hold otherwise is to miss the intent of the statute, and the purpose of its enactment. The manifest

intent of the act was to discourage unlawful searches by rendering evidence thereby obtained inadmissible.

True, in this case, evidence of commission of a misdemeanor on the part of the defendant was uncovered, but to do so the officer not only committed an assault upon the person of the defendant when he arrested him without a warrant for objecting to his home being entered, but also of trespass for invading the dwelling house of the defendant without the semblance of authority and after being forbidden so to do by the defendant and other members of his family then present. Two wrongs do not make a right. It would be much better if officers engaged in the enforcement of law would themselves be careful to observe the law. Violations of law by those clothed with authority in the misdirected effort to uphold the law bring discredit upon the administration of the criminal law.

This defendant may have violated the law and be guilty of a misdemeanor, but he is still a citizen of North Carolina and entitled to have his constitutional and legal rights respected. He is no outlaw, nor fleeing felon, and the unlawful invasion of his home, even by a zealous officer, should not be made the means of procuring evidence to convict him.

STACY, C. J., concurs in dissenting opinion.