STATE v. W. D. SHERMER AND A. W. WRAY.

(Filed 3 January, 1940.)

**1. Constitutional Law § 14a—**

It is not required that the officers using a search warrant make the affidavit. Sec. 1½, ch. 339, Public Laws of 1937.

**2. Same: Criminal Law § 77c—**

Where the record fails to show that the officer issuing the search warrant did so without first requiring the complainant or other person to sign an affidavit under oath, or that he failed to examine such person in regard thereto, the warrant not being in the record, it will be presumed that it was in all respects regular.

**3. Same: Criminal Law § 43—**

*Held:* Even if it be conceded that it was not permissible to issue the search warrant authorizing an officer to search defendant's premises for gaming devices and paraphernalia, evidence discovered by the search is nevertheless competent.

**4. Gaming § 5—**

Evidence that lottery tickets and other gaming paraphernalia were found on the premises, and that the proprietor, in denying knowledge thereof, indicated his knowledge of their presence by stating where they were found although he was not present and had not been told where they had been found, *is held* sufficient to be submitted to the jury as to the proprietor's guilt.

**5. Same—**

Evidence tending to show that an employee knew of the presence of illegal gaming paraphernalia on the premises, without evidence that he had authority to permit it to remain on the premises or to require its removal, and that advertisements of lotteries or gaming devises in envelopes addressed to him were found in the rear of the building, *is held* insufficient to be submitted to the jury as to the employee's guilt.

APPEAL by defendants from *Alley, J.,* at September Term, 1939, of FORSYTH. Affirmed as to defendant Shermer. Reversed as to defendant Wray.

Criminal prosecution instituted in the municipal court of the city of Winston-Salem in which the defendants are charged with promoting, setting on foot and conducting a certain lottery where a game of chance is played in violation of C. S., 4428-29.

There was a verdict of guilty in the municipal court. From judgment thereon defendants appealed to the Superior Court. In the court below the jury returned a verdict of guilty as to each defendant. From judgment on the verdict the defendants appealed.

*Attorney-General McMullan and Assistant Attorneys-General Bruton and Patton for the State.*
*Phin Horton and Fred M. Parrish for defendants, appellants.*

BARNHILL, J. The defendant Shermer conducts a place of business on Chestnut Street in Winston-Salem known as the Station Lunch. The defendant Wray was a waiter or assistant therein. On 29 July, 1939, police officers of the city, armed with a search warrant, searched the building in which the Station Lunch was conducted. They found a tip board, lottery tickets and advertisements of lotteries in a little shed just at the back door, about 10 feet from the back door, of the building. The lottery tickets were found at the top of a stairway which pulls down from the ceiling and which cannot be entered without unlocking it. The rear of other buildings abutted the areaway in which the shed was located.

On a shelf back of the counter in the cafe the officers found a book entitled "Gay Games," 5 Ingersol watches, a hairbrush set, money in a paper sack underneath some papers and clothes, pasteboards with scores of regular baseball games and envelopes addressed to each of the defendants, containing advertisement of skin-games and all sorts of lottery boards and other lottery advertisements. The advertising matter was stacked in a neat pile on the shelf behind the counter. Some of the flaps of the envelopes were opened. The money found was concealed and was not in the cash register. Among the advertisements there was some from the same company which issued the lottery tickets found in the shed.

At the time the officers arrived the defendant Shermer was not present. He came in after the officers had the lottery tickets and other paraphernalia spread out on the counter. He was asked about the lottery tickets. In reply he stated that he didn't know anything about the tickets that were found in the rear of his place. The officers had not told him where

the tickets were found. He was asked who told him the tickets were found in the rear. He replied: "Mr. Wray did." The officers called Wray and in Shermer's presence asked him about the tickets. He asked: "What tickets." The officer replied: "The tickets we found." He said he didn't know anything about tickets being found and had not told anyone about the officers finding any back of the place. There were two or three sacks of lottery tickets for use in connection with the World Series found in the shed.

Neither defendant offered any evidence, but at the conclusion of the evidence for the State moved to dismiss as of nonsuit, and likewise for that the search was made pursuant to a search warrant that was not issued in accordance with the provisions of sec. 1½, ch. 339, Public Laws 1937.

The record fails to disclose that the officer issuing the search warrant did so without first requiring the complainant or other person to sign an affidavit under oath or that he failed to examine such person in regard thereto. While it appears that the officers using the warrant did not make the affidavit, this is not required. As the search warrant is not included in the record we must assume that it was in all respects regular. Likewise, even if it be conceded that it was not permissible to issue a search warrant authorizing an officer to search the defendant's premises for gaming devices and paraphernalia, this can bring the defendants little comfort. Evidence discovered by a search without warrant is admissible in evidence. *S. v. McGee,* 214 N. C., 184, 198 S. E., 616, and cases there cited. The evidence offered was not incompetent by reason of the manner in which the officers obtained it.

Shermer was the proprietor of the lunch room or cafe in which the advertisements, circulars and other articles were found. His statement to the officers when questioned concerning lottery tickets indicates knowledge of the presence of the lottery tickets where found. We are of the opinion that the evidence, when considered as a whole, constitutes more than a mere scintilla as against the defendant Shermer and the court properly submitted the cause to the jury to determine its weight and sufficiency. *S. v. Jones,* 213 N. C., 640, 197 S. E., 152.

The defendant Wray was an employee of Shermer, acting as a waiter or clerk in the lunch room and beer parlor. He denied any knowledge of the lottery tickets and the evidence fails to disclose that he was in possession of the building or the shed to the extent that he had authority to permit the articles found by the officers to remain on the premises or to require their removal therefrom. He has been connected with the lottery tickets only by evidence that he was employed as a helper in the cafe and beer parlor and by testimony tending to show that there were advertisements of lotteries or games and devices in envelopes addressed

to him lying on the counter or shelf in the rear of the building. We do not deem this evidence sufficient as to this defendant to be submitted to a jury. To charge an employee with the possession of unlawful paraphernalia on the premises of his employer requires something more than mere knowledge that his employer is concealing the articles in or about his place of business. The motion of the defendant Wray to dismiss as of nonsuit should have been allowed.

Affirmed as to the defendant Shermer.

Reversed as to the defendant Wray.