STATE v. GRANT WILLIAM HOLBROOK,
and
STATE v. GRANT WILLIAM HOLBROOK.

(Filed 17 March, 1948.)

**1. Automobiles § 30d—**

Testimony to the effect that defendant was under the influence of intoxicating liquor immediately after the accident, with testimony by defendant himself that he had drunk intoxicating liquor and was "feeling it a little,"

is ample evidence of intoxication to be submitted to the jury on the charge of operating a motor vehicle while under the influence of intoxicating liquor.

**2. Automobiles § 29b—**

Evidence tending to show that on a clear day, defendant, in overtaking another automobile proceeding in the same direction on its right side of the highway at a speed of 45 to 50 miles per hour, crashed into the rear of the other automobile with such force as to cause extensive damage, and that there were no other cars in sight on the highway at the time, *is held* sufficient to be submitted to the jury in a prosecution for reckless driving. G. S., 20-140; G. S., 20-149; G. S., 20-152.

**3. Criminal Law § 81 (c) 2—**

Where the charge of the court is without prejudicial error when construed contextually, exceptions thereto will not be sustained.

APPEAL by defendant from *Clement, J.,* at September Term, 1947, of YADKIN. No error.

The defendant was indicted for operating a motor vehicle while under the influence of intoxicating liquor, and in another bill he was charged with reckless driving in violation of the statute. The two cases were consolidated for trial.

There was verdict of guilty in both cases and from judgment imposing consecutive sentences, the defendant appealed.

*Attorney-General McMullan and Assistant Attorneys-General Bruton, Rhodes, and Moody for the State.*

*Trivette, Holshouser & Mitchell and F. B. D. Harding for defendants, appellants.*

DEVIN, J.  The defendant demurred to the evidence in both cases and assigns error in the refusal of the court below to sustain his motion for judgment as of nonsuit.

The evidence offered at the trial tended to show that on the occasion alleged the automobile which defendant was driving on Highway 67 between Booneville and East Bend struck the rear of another automobile proceeding in same direction. Considerable injury was done to the front of defendant's car and to the rear of the other. The radiator of defendant's car was torn up and pushed back against the fan. The car in front was traveling on the right side of the highway at rate of 45 to 50 miles per hour. There were no other cars in sight. It was Sunday afternoon and not raining. The highway patrolman testified the defendant was under the influence of intoxicating liquor. "He was very talkative; his eyes were glassy, and he was unsteady on his feet—wobbled when he walked . . . had alcohol very strong on his breath." Another

witness testified similarly: The defendant himself testified: "I was not too heavy under the influence of intoxicating liquor. I had taken some. I was feeling it a little." The defendant denied he was driving the automobile on this occasion and testified it was being driven by another. While another State's witness testified, "I smelled something on his breath, I couldn't tell what it was. I think he was sober. He was probably drinking something." It is obvious that there was sufficient evidence to carry the case to the jury on the charge of operating a motor vehicle on the highway while under the influence of intoxicating liquor, under the rule laid down in S. v. Carroll, 226 N. C., 237, 37 S. E. (2d), 688. The evidence here was more definite and conclusive than that considered in S. v. Flinchem, ante, 149, 44 S. E. (2d), 724.

Was there evidence to support the charge of reckless driving? The statute defines the offense as follows: "Any person who drives any vehicle upon a highway carelessly and heedlessly in willful or wanton disregard of the rights or safety of others, or without due caution and circumspection and at a speed or in a manner so as to endanger or be likely to endanger any person or property, shall be guilty of reckless driving." G. S., 20-140. Other statutes enacted in the interest of the safety of persons and property on the highway require that the driver of a motor vehicle in overtaking another vehicle proceeding in the same direction shall pass at least two feet to the left thereof (G. S., 20-149), and the driver of a motor vehicle is prohibited from following another vehicle more closely than is reasonable and prudent, with regard for the safety of others, the speed of such vehicles and the traffic on the highway. G. S., 20-152.

The comprehensive language of the statute making the reckless driving of a motor vehicle on the highway a criminal offense, considered in connection with other safety regulations prescribed by law, would seem to bring the conduct of the defendant on this occasion within the statutory definition of reckless driving. S. v. Wilson, 218 N. C., 769, 12 S. E. (2d), 654; S. v. Cody, 224 N. C., 470, 31 S. E. (2d), 445. The State's evidence tended to show that on a clear day, on a State highway, in overtaking another automobile proceeding in the same direction, traveling on its right side of the highway at a speed of 45 to 50 miles per hour, the defendant drove his automobile, without turning to the left, at such a speed and in such a manner as to collide with the rear of the other automobile and with such force as to cause substantial injury to both automobiles. We think this evidence sufficient to carry the case to the jury on the charge of reckless driving, and that the motion to nonsuit was properly denied. It may be noted that on cross-examination the defendant admitted he had been heretofore convicted of numerous violations of law including four previous convictions for reckless driving.

The defendant assigns error in the court's charge to the jury and brings up for review excerpts from certain portions of the instructions given, but upon an examination of the charge as a whole we think the exceptions noted are without merit. Considering the entire charge contextually, we find no just cause for complaint on the part of the defendant.

In the trial of both cases there is

No error.