## STATE v. RICHARD VANHOY.

(Filed 23 March, 1949.)

**1. Automobiles § 29b—**

The State's evidence tending to show that defendant was driving some eighty to ninety miles per hour over a highway whereon several other vehicles were moving at the time, is sufficient to overrule defendant's motion to nonsuit and sustain conviction of reckless driving, G.S. 20-140, and driving at a speed in excess of fifty-five miles per hour, G.S. 20-141.

**2. Intoxicating Liquor § 9d—**

Evidence that officers found two full bottles of nontax-paid whiskey in defendant's car upon their search immediately after arresting defendant for driving the car recklessly and at excessive speed, is sufficient to overrule defendant's motion to nonsuit and support conviction of illegal transportation of intoxicating liquor.

**3. Criminal Law § 43: Constitutional Law § 19a—**

The fact that evidence is obtained by unlawful means does not render such evidence inadmissible in this State in the absence of statutory provision to the contrary, and therefore testimony by officers that they searched and found a quantity of nontax-paid liquor in defendant's car is competent notwithstanding the search was made without a warrant.

**4. Criminal Law §§ 54b, 60—**

Where a general verdict of guilty is returned to indictment containing numerous counts, it will be presumed that the verdict relates to the counts supported by the evidence.

**5. Criminal Law § 53d—**

The charge of the court in this case, both as to the statement of the evidence and the law arising on the essential features of the evidence, *is held* to be in substantial compliance with the requirements of G.S. 1-180.

**6. Intoxicating Liquor § 8—**

    Defendant admitted ownership of the car he was driving when arrested by the officers. Two bottles of nontax-paid whiskey were found in the car, but defendant denied that he had put any liquor in the car or had knowledge of its presence therein. *Held:* Verdict of the jury that defendant was guilty of unlawful transportation of intoxicating liquor is sufficient to sustain the court's order confiscating his car and ordering it sold in conformity with statute. G.S. 18-6, 18-48.

APPEAL by defendant from *Clement, J.,* September Term, 1948, of YADKIN. No error.

One of the bills of indictment under which defendant was tried contained various charges of violation of the statutes in regard to intoxicating liquor, G.S. 18-2, including the unlawful transportation of intoxicating liquor. In another bill the defendant was indicted for violation of several statutes regulating the operation of motor vehicles on the highway, including charges of reckless driving, G.S. 20-140, and driving at a speed in excess of 55 miles per hour. G.S. 20-141. Both cases were consolidated for trial.

There was a general verdict of guilty as charged. Judgments were rendered imposing sentence of six months in jail for unlawful transportation of intoxicating liquor, and four months for reckless driving, sentences to be served consecutively. There was an additional sentence of thirty days for speeding, but the last sentence was ordered to be served concurrently with the first sentence.

Judgment was also rendered that, defendant having been convicted for unlawfully transporting intoxicating liquor in his automobile, the vehicle in which the liquor was being transported and which was being used for that purpose be confiscated and sold in accordance with the statute.

Defendant appealed.

*Attorney-General McMullan and Assistant Attorney-General Moody and Forrest A. Shuford, II, Member of Staff, for State.*

*Allen & Henderson and A. T. Grant for defendant, appellant.*

DEVIN, J. The defendant's motion for judgment of nonsuit as to the charges, or either of them, on which he was being tried was properly overruled. *S. v. Gentry,* 228 N.C. 643, 46 S.E. 2d 863. As no defect appears on the face of the record, motion in arrest of judgment was also properly denied. *S. v. McKnight,* 196 N.C. 259, 145 S.E. 281.

While the two bills of indictment under which the defendant was tried contained numerous counts, the general verdict of guilty as charged in both cases would be presumed to have been returned on the counts to which the evidence related, that is, unlawful transportation of intoxi-

cating liquor, reckless driving of an automobile, and driving at a greater rate of speed than 55 miles per hour. *S. v. Smith,* 226 N.C. 738, 40 S.E. 2d 63; *S. v. Snipes,* 185 N.C. 743, 117 S.E. 500. There was evidence to support the verdict on these counts, and to sustain the judgment rendered thereon. In the defendant's automobile which he was driving were found two full bottles of whiskey, in violation of G.S. 18-2, and the State's evidence showed he was driving at the rate of 80 to 90 miles per hour over a road whereon several other vehicles were moving at the time. *S. v. Steelman,* 228 N.C. 634, 46 S.E. 2d 845; *S. v. Holbrook,* 228 N.C. 620, 46 S.E. 2d 843.

Defendant contends, however, that the trial court erred in admitting evidence of Sheriff Moxley as to search of his automobile without a search warrant. It appears from the record that defendant excepted to the sheriff's statement that he searched defendant's car, but no objection appears to have been made to the sheriff's testimony as to the result of his search. Nor was objection made to similar testimony from another State's witness. However, we think the evidence was competent. The defendant was arrested about 1 a.m. for reckless driving and speeding, and placed in jail until bond could be arranged. The officers then immediately searched defendant's automobile and found in the glove compartment two full bottles of whiskey, "white, non-tax-paid." The defendant had a general reputation for "messing with liquor and bootlegging" and had previously been convicted of unlawful possession. The evidence of the presence of intoxicating liquor in the automobile in which it was being unlawfully transported was not rendered incompetent though the incriminating liquor was discovered without the aid of a search warrant as required by the proviso in G.S. 18-6. In Stansbury's North Carolina Evidence, sec. 121, it is said: "According to the traditional common-law view, evidence is not inadmissible because of the fact that it was obtained by unlawful means. The United States Supreme Court, followed by a large number of state courts, has departed from this previously settled rule, but in North Carolina it is still the law except as it has been expressly modified by statute." The holding on this point in the different jurisdictions will be found collected in 150 A.L.R. 566; 134 A.L.R. 829; 8 A.L.R. 348. See *McDonald v. U. S.,* 93 Law. Ed. Adv. Op. 144. In Wigmore, secs. 2183-2184, the Federal rule is criticized. The view that such evidence is not for that reason incompetent has been uniformly adhered to by this Court: *S. v. Shermer,* 216 N.C. 719, 6 S.E. 2d 529; *S. v. McGee,* 214 N.C. 184, 198 S.E. 616; *S. v. Hickey,* 198 N.C. 45, 150 S.E. 615; *S. v. Godette,* 188 N.C. 497, 125 S.E. 24; *S. v. Simmons,* 183 N.C. 684, 110 S.E. 591; *S. v. Wallace,* 162 N.C. 622, 78 S.E. 1. While we have a statute, G.S. 15-27, which renders evidence of facts discovered by the use of a search warrant issued without verification by the

oath of the complainant incompetent, the circumstances here are not such as to bring this case within the language of that statute. *S. v. McGee, supra.*

The defendant excepted "to the charge of the court as a whole," and assigns as error that the court did not state fully the evidence and explain the law arising thereon. While the defendant's exception is "broadside," and his assignment of error does not point out wherein the court failed to explain the law arising on the evidence, an examination of the charge leads to the conclusion that the trial judge substantially complied with the requirements of the statute (G.S. 1-180), both as to statement of the evidence and the law arising on the essential features of the evidence. *S. v. Graham,* 194 N.C. 459 (467), 140 S.E. 26; *S. v. Britt,* 225 N.C. 364, 34 S.E. 2d 408; *S. v. Thomas,* 226 N.C. 384, 38 S.E. 2d 166. The case seems to have been fairly presented to the jury, and no prejudicial error has been shown. *S. v. Glatly, post,* 177.

The defendant also excepted to the order confiscating the automobile used in the unlawful transportation of intoxicating liquor as found by the jury.

The statute makes it obligatory upon officers, upon discovering any person transporting intoxicating liquor in violation of law, to arrest him and to seize the vehicle being used for such transportation, and author-izes the court, upon the conviction of the offender, to order sale of the vehicle for the benefit of the public school fund, with saving protection for the rights of a claimant of the vehicle who can show that the vehicle was used in the transportation of liquor without his knowledge or consent. G.S. 18-6; 18-48.

Here the defendant admitted ownership of the automobile in which two bottles of nontax-paid whiskey were being transported at the time of his arrest, but denied he had put any liquor in the car or had any knowledge of its presence therein. However, the jury resolved this issue of fact against the defendant and found him guilty of unlawfully trans-porting intoxicating liquor as charged. It appears therefore that all the essential facts necessary to authorize confiscation of defendant's auto-mobile were before the court, and that the order appealed from was entered thereon in accordance with the statute. *S. v. Hall,* 224 N.C. 314, 30 S.E. 2d 158; *S. v. Maynor,* 226 N.C. 645, 39 S.E. 2d 833. The judg-ment will be upheld.

In the trial we find

No error.