### BUFORD F. PRICE v. THE CITY OF MONROE.

### MRS. ELIZABETH K. PRICE v. THE CITY OF MONROE.

### PHYLLIS PRICE by Her Next Friend BUFORD F. PRICE v. THE CITY OF MONROE.

(Filed 12 December, 1951.)

**1. Municipal Corporations § 14a—**

Defendant municipality dug a ditch entirely across the street leaving loose dirt piled along the eastern edge of the excavation to a height of from one and one-half to five feet. No barriers or lights were placed along the ditch. Plaintiff, traveling westward after dark, drove his car over the loose dirt and into the ditch. *Held:* Plaintiff was guilty of contributory negligence as a matter of law.

ERVIN and JOHNSON, JJ., dissent.

**2. Negligence § 19c—**

Nonsuit on the ground of contributory negligence is properly entered when this conclusion is the sole reasonable deduction from plaintiff's own evidence.

**3. Automobiles § 20b—**

Guests in a car who have no control over its movements are not responsible for the negligence of the driver.

**4. Automobiles § 21: Municipal Corporations § 14a—**

Plaintiffs, who were passengers in a car, were injured when the driver drove the car after dark over loose dirt and into a ditch. The municipality had left the loose dirt from the excavation piled along the side of the ditch, but had placed no barriers or lights along the excavation. *Held:* Probable injury resulting from the absence of barriers or lights could have been reasonably foreseen, and therefore the negligence of the city in failing to maintain proper warnings is not insulated by the negligence of the driver.

**5. Negligence § 7—**

If the intervening act is of such character that it could have been reasonably foreseen, it does not break the sequence of events put in motion by the primary negligence, and the primary negligence remains a proximate cause of the injury.

**6. Appeal and Error § 6c (5)—**

An assignment of error for that the court failed to apply the law to the facts of the case is ineffective as a broadside exception.

APPEAL by defendant from *Clement, J.,* February Term, 1951, of UNION.

Three separate suits by the above named plaintiffs against the City of Monroe to recover damages for tort were by consent consolidated for trial. All arose out of the same occurrence. The injury to person and property complained of was alleged to have resulted from the fall of the automobile in which plaintiffs were riding into an open and unguarded ditch across a street in the City of Monroe.

Verdicts were returned in favor of the plaintiffs, and from judgments thereon, the defendant appealed.

*Coble Funderburk for plaintiffs, appellees.*
*O. L. Richardson and E. Osborne Ayscue for defendant, appellant.*

DEVIN, C. J.  *Buford F. Price Case.*

This plaintiff was the owner and driver of the automobile involved. On the evening of 12 October, 1949, about 9:30 p.m., with his wife and daughter as passengers in the automobile, he drove from the mill where he was employed northwardly along Mill Street in the City of Monroe, and then turned west into Avon Street, a paved street in general use

by the public. Across Avon Street 130 feet from Mill Street, the City had dug a ditch for the purpose of installing a new culvert. This work had been in progress several weeks. The ditch was 6 feet wide and 8 feet deep, and extended the entire width of Avon Street. The loose dirt from the excavation had been piled up along the eastern edge of the ditch to form a ridge or bank of earth 1½ to 2 feet high according to plaintiff, or 5 feet high according to the city engineer, and spreading out at the base.

Plaintiff testified there were no barriers or lights on this obstruction; that he was traveling along Avon Street at the rate of 15 miles per hour; that his automobile lights revealed this ridge of dirt but he thought it was dirt used in repairing pavement; that he did not know there was a ditch beyond the ridge and continued to drive without applying his brakes, though he did remove his foot from the accelerator. He said: "I ran straight in the ditch." His front bumper caught on the edge of the pavement on the west side of the ditch, with front wheels in the ditch, while the rear wheels were on top of the ridge of dirt. The automobile and each of the occupants sustained injury. Considering the plaintiff's evidence in the light most favorable for him, it is apparent the City was negligent in permitting an open excavation which it had made across a city street to remain without barriers or lights. *Russell v. Monroe,* 116 N.C. 720, 21 S.E. 550; *Seagraves v. Winston,* 170 N.C. 618, 87 S.E. 507; *Willis v. New Bern,* 191 N.C. 507, 132 S.E. 286; *Michaux v. Rocky Mount,* 193 N.C. 550, 137 S.E. 663; *Hunt v. High Point,* 226 N.C. 74, 36 S.E. 2d 694. But we think the injuries sustained by plaintiff Buford F. Price are attributable to his own contributory negligence, and that in his case the defendant City was entitled to have its motion for nonsuit sustained.

The conclusion seems inescapable that this observed obstruction in the form of a ridge or bank of recently excavated earth extending entirely across the street over which he was driving should have warned him of danger to his progress, and that if he had exercised reasonable care for his own safety and a proper lookout in the direction in which he was moving, he would and should have become aware of so extensive an excavation in the street in time to have avoided the injurious result now complained of. *Blake v. Concord,* 233 N.C. 480, 64 S.E. 2d 408. While compulsory nonsuit on the ground of contributory negligence may be rendered only when no other conclusion reasonably can be drawn from the plaintiff's evidence, *Carruthers v. R. R.,* 232 N.C. 183, 59 S.E. 2d 782; *Dawson v. Transportation Co.,* 230 N.C. 36, 51 S.E. 2d 921, we think his own testimony establishes such want of care on his part as should bar his recovery for the causes alleged. *Hampton v. Hawkins,* 219 N.C. 205, 13 S.E. 2d 227. Nonsuit should have been entered on defendant's motion, and the judgment in favor of the plaintiff Buford F. Price is reversed.

*Cases of Elizabeth K. and Phyllis Price.*

These cases stand upon a different footing from that of Buford F. Price. These plaintiffs were mere passengers in the automobile of which he was the owner and driver. Neither of them owned the automobile or controlled or had right of control over its movement. Under the facts presented they may not be held responsible for the negligence of the driver. *Crampton v. Ivie,* 126 N.C. 894, 36 S.E. 351; *Hunt v. R. R.,* 170 N.C. 442, 87 S.E. 210; *Dillon v. Winston-Salem,* 221 N.C. 512, 20 S.E. 2d 845.

Nor do we think the evidence supports the defendant's contention that these cases should have been nonsuited on the ground that the negligence of the driver was the sole proximate cause of the injuries sustained, or that his negligence insulated and rendered harmless the negligence of the City. *Harton v. Tel. Co.,* 141 N.C. 455, 54 S.E. 299; *Hinnant v. R. R.,* 202 N.C. 489, 163 S.E. 555; *Speas v. Greensboro,* 204 N.C. 239, 167 S.E. 807; *Haney v. Lincolnton,* 207 N.C. 282, 176 S.E. 573. The damage to vehicles traveling on this public street, due to so extensive an excavation across it, and the probability of injury resulting from the absence of barriers or lights should have been in the reasonable contemplation of the City. *Speas v. Greensboro, supra; Harton v. Tel. Co., supra.* "Foreseeability is the test of whether the intervening act is such a new, independent and efficient cause as to insulate the original negligent act." *Hinnant v. R. R.,* 202 N.C. 489, 163 S.E. 555; *R. R. v. Kellogg,* 94 U.S. 469.

The controlling principle is accurately stated by *Justice Hoke* in *Harton v. Tel. Co.,* 141 N.C. 455, 54 S.E. 299, as follows: "It will be seen that the test laid down by all of these writers, by which to determine whether the intervening act of an intelligent agent which has become the efficient cause of an injury shall be considered a new and independent cause, breaking the sequence of events put in motion by the original negligence of the defendant, is whether the intervening act and the resultant injury is one that the author of the primary negligence could have reasonably foreseen and expected. If the intervening act was of that character, then the sequence of events put in motion by the primary wrong is not broken, and this may still be held the proximate cause of the injury. Numerous well considered decisions by courts of the highest authority show that this is a correct statement of the doctrine."

The defendant did not except to any part of the judge's charge to the jury, but assigned as error that he "did not apply the law to the facts in the case" as required by G.S. 1-180. However, the defendant did not specify in what respect or particulars the court's failure consisted. This is insufficient. *State v. Britt,* 225 N.C. 364, 34 S.E. 2d 408; *Steele v. Coxe,* 225 N.C. 726 (733), 36 S.E. 2d 288; *State v. Jones,* 227 N.C. 402, 42 S.E. 2d 465; *State v. Vanhoy,* 230 N.C. 162 (165), 52 S.E. 2d 278.

In the cases of Elizabeth K. and Phyllis Price only issues of negligence on the part of the defendant and damages to the plaintiffs were submitted to the jury. These issues were answered in favor of the plaintiffs. The evidence, which was offered without objection by the defendant, was sufficient to support the verdicts and judgments in favor of these plaintiffs. In the trial of these cases there was no error.

In case of Buford F. Price: Reversed.

In case of Elizabeth K. Price: No error.

In case of Phyllis Price: No error.

In case of Buford F. Price, ERVIN and JOHNSON, JJ., dissent.