## STATE v. HARVEY EDWARD BOLLING.

(Filed 14 April, 1954.)

**Automobiles § 30d—**

> The evidence in this case *is held* sufficient to be submitted to the jury on the charge of defendant's guilt of driving an automobile on the public highway while under the influence of intoxicating liquor.

APPEAL by the defendant from *Harris, J.,* September Criminal Term 1953 of WAKE. No error.

This is a criminal action in which the defendant was convicted by a jury of driving an automobile upon the public highways of the State, while under the influence of intoxicating liquor in violation of the State statute.

The State introduced evidence tending to show these facts. D. R. Emory, a State Highway Patrolman, was called to the scene of a collision of an automobile with the guy wire of a telephone pole on U. S. Highway No. 70, near Jones' Barbecue Cafe, about two miles east of Raleigh. Upon his arrival at the scene about 1:00 a. m., 8 August 1953, he saw the defendant staggering in the center of the highway; he had the odor of alcohol on his breath, and was intoxicated. The patrolman got him off the highway, and placed him under arrest. Jones' Cafe and house stood side by side. Defendant's automobile was in the yard of Jones' house up against the guy wire of a telephone pole. There were signs on its bumper it had struck something. A tree in the yard had had bark recently knocked off it. There were automobile tracks from the highway through the yard of the Cafe, into the yard of the house, to the tree, and guy wire of a telephone pole where the automobile had stopped. The defendant said he was driving the automobile about 30 miles per hour. On the way to jail he began crying, and begged the patrolman not to charge him with driving while under the influence, saying he had been up once before; that he was not driving; that someone else was driving; but he didn't know who was driving, nor where the driver was at the time. Upon arrival at the County Jail the defendant was very much upset, and wanted to plead guilty right then, and pay off. He was told he could not be tried then.

The defendant offered no evidence.

Sentence was pronounced on the verdict, and the defendant appealed, assigning error.

*Harry McMullan, Attorney General, and T. W. Bruton, Assistant Attorney General, for the State.*

*Carl L. Gaddy, Jr., and George M. Anderson, for Defendant, Appellant.*

PER CURIAM. The charge of the court is not brought forward.

The sole assignment of error argued in the defendant's brief is the failure of the trial court to grant his motion for judgment of nonsuit aptly made.

The evidence, considered in the light most favorable to the State, is sufficient in our opinion to carry the case to the jury. *S. v. Smith, ante,* 99, 81 S.E. 2d 263: *S. v. Holbrook,* 228 N.C. 620, 46 S.E. 2d 843; *Commonwealth v. Lyseth,* 250 Mass. 555, 146 N.E. 18; *S. v. De Hart,* 3 N.J., Misc. Reports 71, 129 A. 427.

The defendant says in his brief the case of *Bland v. City of Richmond,* 190 Va. 42, 55 S.E. 2d 289, "is factually similar." The case does not support such statement. In that case the defendant was not arrested at the scene of the collision; he did not beg not to be charged with driving while under the influence of intoxicating liquor; he did not want to plead guilty and pay off.

In the trial below we find

No error.