## STATE v. C. D. WILSON, JR.

(Filed 8 January, 1941.)

**1. Automobiles § 31—Warrant held sufficient to charge reckless driving under Michie's Code, 2621 (287).**

A warrant charging that defendant "did unlawfully and willfully operate a motor vehicle on a State Highway in a careless and reckless manner and without due regard for the rights and safety of others and their property in violation" of municipal ordinances and contrary to the form of the statute, *is held* sufficient to charge defendant with reckless driving under Michie's Code, 2621 (287), since although the warrant fails to follow the language of the statute in accordance with the better practice, it does charge facts sufficient to enable the court to proceed to judgment, and the charge of violating the municipal ordinances may be treated as surplusage.

**2. Indictment and Warrant § 9—**

A warrant or indictment charging the violation of a statute should follow the language of the statute, but its failure to do so is not a vitiating defect if it charges facts sufficient to enable the court to proceed to judgment.

**3. Indictment and Warrant § 17—**

The office of a bill of particulars is to furnish, for the better defense of the accused, relevant information not required to be set out in the warrant or indictment, but a bill of particulars cannot supply matter required to be charged as an ingredient of the offense.

**4. Indictment and Warrant § 11—**

An indictment or warrant will not be quashed for technical objections which do not affect the merits. Michie's Code, 4623.

**5. Automobiles § 31—Evidence of defendant's guilt of reckless driving held for jury.**

The State's evidence tending to show that defendant, driving 60 miles an hour, crashed into the rear of a car driven in the same direction on

25—218

its right-hand side of the highway at 20 or 25 miles an hour, that the driver of the other car saw in his rear-view mirror defendant approaching at an excessive speed but that defendant struck the car before its driver could get on the shoulders of the road, together with physical evidence showing that defendant's car struck the other car with terrific force, *is held* sufficient to be submitted to the jury upon a warrant charging defendant with reckless driving under Michie's Code, 2621 (287).

**6. Criminal Law § 77c—**

Where the charge of the court is not in the record it will be presumed that the court charged every aspect of the law applicable to the facts.

**7. Criminal Law § 56—**

Where the warrant or indictment is not fatally defective, a motion in arrest of judgment cannot be allowed.

**8. Automobiles § 31—**

Upon conviction of reckless driving, sentence of defendant to six months in the county jail to be assigned to work the roads under the direction of the State Highway and Public Works Commission is within the limitations prescribed by Michie's Code, 2621 (326), and therefore cannot be held excessive.

**9. Criminal Law § 61a: Constitutional Law § 32—**

Where a statute prescribing the punishment for a statutory offense fixes limitations upon the severity of the punishment, the court has discretionary power to fix the punishment within the limitations prescribed, and a sentence of imprisonment for the maximum period allowed by the statute cannot be held excessive or in violation of the constitutional rights of defendant.

APPEAL by defendant from *Stevens, J.,* and a jury, at August Term, 1940, of ORANGE. No error.

This is a criminal action brought against the defendant under the following warrant: "L. H. Norwood, being duly sworn, complains and says, that at and in the said County of Orange, Chapel Hill Township, on or about the 4th day of July, 1939, C. D. Wilson, Jr., did unlawfully and willfully operate a motor vehicle on a State Highway in a careless and reckless manner and without due regard for the rights and safety of others and their property in violation of the ordinances of the City of Chapel Hill, and contrary to the form of the statute and against the peace and dignity of the State. Subscribed and sworn to before me, this 5th day of July, 1939. M. W. Durham, Clerk of the Recorder's Court. L. H. Norwood."

The defendant entered a plea of "Not guilty." The defendant was convicted in the recorder's court and a fine imposed, from which he appealed to the Superior Court.

The evidence on the part of the State was to the effect that I. H. Browning, on 4 July, 1939, was driving his 1937 Chevrolet coach automobile, his wife being with him, on his way to Durham, on the Durham

hard-surfaced highway. He was driving on the right-hand side of the highway, approximately 20 to 25 miles an hour. He saw through his rear-view mirror defendant, driving at a fast rate of speed. "He tried to pull his car off of the hard-surfaced road but before he could get off the hard-surfaced part of the highway, Wilson's car struck his car in the back and turned it over and reversed the position. . . . That he only glimpsed in his rear-view mirror the Wilson car which ran into the back of his car; and that he gave no signal that he was changing the course of his car."

L. K. Landrus testified, in part: "That he did not see the Browning car when it passed; that he did see the Wilson car when it passed and, in his opinion, the Wilson car was being driven at approximately 60 miles per hour; that he did not see the wreck but heard the collision and saw the cars coming to rest after the collision, which occurred at a point approximately 300 feet from the Barbecue stand. (Landrus was at the McFarland Barbecue stand.) . . . That he measured skid marks on the right-hand side of the highway at the point of the collision and they measured 15 to 20 inches; that the Wilson car rolled approximately 20 feet up the highway and off of the highway on the right-hand behind the Browning car."

Bill Boone testified, in part: "He saw the Browning car pass and it was traveling at a speed of between 20 and 25 miles per hour; that he saw the Wilson car and it was traveling at approximately 60 miles per hour; that he did not see the collision."

L. H. Norwood, police officer of the town of Chapel Hill, testified, in part: "On July 4, 1939, at approximately 7 p.m. he was called to the scene of a wreck on the Durham road between the car of C. D. Wilson, Jr., and the car of I. H. Browning; that he saw skid marks on the right-hand side of the highway approximately 15 inches long; that the Browning car was on the right-hand side of the highway turned over in a ditch with the front headed toward Chapel Hill and bore marks of a collision in the rear; that the Wilson car was in the ditch behind the Browning car and showed that it had been struck in front and more to the right-hand side."

The defendant denied the material part of the State's evidence, and on cross-examination testified, in part: "That he had been indicted for speeding about two years prior to the accident; that since the accident he had entered a plea to a charge of larceny of some overcoats and had been placed on probation and had been on probation since the March Term of Orange County Superior Court; that under the supervision of Mr. Bruce White, Probation Officer, he had been working regularly on the stadium at Wake Forest; that he did everything he could to stop and prevent the collision after he saw that the Browning car had changed

its speed and without any signal having been given but could not avoid the accident."

The verdict of the jury was "That the said C. D. Wilson, Jr., is guilty of reckless driving." The judgment rendered was as follows: "And thereupon the defendant, C. D. Wilson, being commanded to stand up the Court pronounced the following Judgment: Let the defendant be confined in the common jail of Orange County for six (6) months, to be assigned to work the roads under the direction of the State Highway & Public Works Commission."

The defendant made several exceptions and assignments of error and appealed to the Supreme Court. The material ones will be considered in the opinion.

*Attorney-General McMullan and Assistant Attorneys-General Bruton and Patton for the State.*

*L. J. Phipps for defendant.*

CLARKSON, J. The first contention made by defendant: Does the warrant charge a crime under the statute? We think so.

The defendant was indicted under the provisions of N. C. Code, 1939 (Michie), section 2621 (287): "Any person who drives any vehicle upon a highway carelessly and heedlessly in willful or wanton disregard of the rights or safety of others, or without due caution and circumspection and at a speed or in a manner so as to endanger or be likely to endanger any person or property, shall be guilty of reckless driving, and upon conviction shall be punished as provided in section 2621 (326)."

In a warrant or indictment the better rule is to follow the language of the statute. *S. v. Abbott, ante,* 470 (476). If the warrant or indictment charges substantially the crime it is sufficient—as we think it does in this case.

Section 4613: "In all indictments when further information not required to be set out therein is desirable for the better defense of the accused, the court, upon motion, may, in its discretion, require the solicitor to furnish a bill of particulars of such matters." A bill of particulars will not supply any matter required to be charged in the indictment, as an ingredient of the offense. *S. v. Stephens,* 170 N. C., 745 (747), 87 S. E., 131.

Section 4623: "Every criminal proceeding by warrant, indictment, information or impeachment is sufficient in form for all intents and purposes if it express the charge against the defendant in a plain, intelligible, and explicit manner; and the same shall not be quashed, nor the judgment thereon stayed, by reason of any informality or refinement, if

in the bill or proceeding, sufficient matter appears to enable the court to proceed to judgment." See section 4625.

In *S. v. Samia, ante,* 307, we find: "In this Court defendant entered a motion in arrest of the judgment on the ground that the case was transferred from the Craven County recorder's court to the Superior Court for trial, and that defendant was there tried upon the original warrant without a bill of indictment. This procedure was authorized by statute, Public Laws 1929, ch. 115, sec. 2, and has been upheld by this Court in *S. v. Publishing Co.,* 179 N. C., 720, 102 S. E., 318; *S. v. Saleeby,* 183 N. C., 740, 110 S. E., 844. See, also, *S. v. Boykin,* 211 N. C., 407, 191 S. E., 18."

The modern tendency is against technical objections which do not affect the merits of the case. Hence, judgments are not to be stayed or reversed for nonessential or minor defects. *S. v. Anderson,* 208 N. C., 771 (782).

In 22 C. J. S., part sec. 575, p. 549, is the following: "A complaint which charges the violation of the statutes of the state, and states an offense under a particular statute, has been upheld notwithstanding it also charges a violation of a specific municipal ordinance which is void. It has even been held that, if the acts alleged constitute an offense, under a particular law, an allegation that they are a violation of another law may be disregarded as immaterial."

The second contention made by defendant is: That the court below was in error when it overruled defendant's motion made (N. C. Code, 1939 [Michie], sec. 4643) for judgment of nonsuit at the close of plaintiff's evidence and at the close of all the evidence. We cannot so hold.

The evidence on the part of the State is to the effect that Browning was driving his automobile on the right-hand side of the road at 20 to 25 miles an hour, and defendant struck his car, running 60 miles an hour, in the rear, before Browning could get on the shoulders, he having seen defendant coming at a fast rate of speed through his rear-view mirror. The impact was so great that the Browning car "was turned over in a ditch with the front headed toward Chapel Hill," and the collision was heard 300 feet away.

We think the evidence shows, and it was a question for the jury to determine under the statute, that the automobile was being operated by the defendant upon the highway "carelessly and heedlessly in willful or wanton disregard of the rights and safety of others, or without due caution and circumspection and at a speed or in a manner so as to endanger or be likely to endanger any person or property." *S. v. Huggins,* 214 N. C., 568.

The charge of the court below is not in the record and the presumption is that the charge covered every aspect of the law applicable to the

STATE *v.* WILSON.

facts. The record discloses that "The court stated in a plain and correct manner the evidence in the case, the contentions of the State and the defendant arising thereon, and declared and explained the law arising thereon." The jury, under the charge of the court below, which the record presumes contained every ingredient of the crime, convicted defendant of "Reckless driving."

The defendant contends that arrest of judgment should be allowed. We cannot so hold. In *S. v. Epps,* 213 N. C., 709 (717), it is said: "The indictment is not fatally defective and defendant's motion for arrest of judgment is without merit. *S. v. Efird,* 186 N. C., 482; *S. v. Callett,* 211 N. C., 563."

The last contention made by defendant: "That the sentence imposed was excessive in violation of the constitutional rights of the defendant." We cannot so hold.

Section 2621 (287) of N. C. Code, 1939 (Michie), provides that a person convicted of reckless driving shall be punished as provided in section 2621 (326). This section is as follows: "Every person convicted of reckless driving under section 2621 (287) shall be punished by imprisonment in the county or municipal jail for a period of not more than six months or by fine of not more than five hundred ($500) dollars, or by both such fine and imprisonment, and on a second or subsequent conviction of such offense shall be punished by imprisonment for not more than one year or by fine of not less than fifty ($50) dollars nor more than one thousand ($1,000) dollars, or by both such fine and imprisonment."

The court below did not exceed the limit of the statute. Within the limit of the statute the court is given the discretion to fix the punishment. We see no abuse of the discretion. As said in *S. v. Swindell,* 189 N. C., 151 (155): "Though the punishment is great, the protection due to society is greater. The hope is to amend the offender, to deprive him of the opportunity to do future mischief, and, above all, an example to deter others."

For the reasons given, we find

No error.