### STATE v. GORDON HAL STEELMAN.

(Filed 24 March, 1948.)

**Automobiles § 29b—Evidence held sufficient for jury in this prosecution for reckless driving.**

The evidence tended to show that defendant's car was following two trucks traveling east, approaching an intersection in a municipality, that the trucks intended to make a left turn at the intersection and stopped momentarily for a westbound vehicle, that then the second truck had moved forward two truck lengths at a rate of 10 to 15 miles per hour, traveling on its right side of the highway, when it was struck from the rear by defendant's car with such force that the steel frame bed of the truck was driven into the cab, mashing it in three or four inches, and the truck knocked forward some two or three truck lengths. There was evidence that defendant had slid one wheel of his car 20 feet before the impact. The statutory speed limit in force at the scene was 25 miles per hour. *Held:* The evidence was sufficient to overrule nonsuit in a prosecution for reckless driving. G. S.; 20-140; G. S., 20-152.

APPEAL by defendant from *Clement, J.,* at November Special Term, 1947, of WILKES. No error.

The defendant was charged with reckless driving of a motor vehicle in violation of G. S., 20-140. From judgment on verdict of guilty as charged, the defendant appealed.

*Attorney-General McMullan and Assistant Attorneys-General Bruton, Rhodes, and Moody for the State.*

*W. H. McElwee for defendant, appellant.*

DEVIN, J. The defendant assigns error in the denial by the court below of his motion for judgment of nonsuit. The material facts as disclosed by the State's evidence were these: On 11 April, 1947, three

motor vehicles were being driven east along B Street in North Wilkes-boro, approaching an intersection. The front vehicle was a trailer-truck, the second a pick-up truck driven by Kenneth Greene, and the third a Ford automobile driven by the defendant Steelman. The driver of the trailer-truck intended to turn left at the intersection, as did Greene, but owing to the approach of a west bound bus to the intersection, he had to stop momentarily. Greene's truck also stopped and then moved on traveling on its right side of the highway toward the intersection at the rate of 10 to 15 miles per hour and had gone forward two lengths of the truck when it was struck from behind by defendant's automobile with such force that the steel frame bed of the truck was driven into the cab and the cab mashed in three or four inches. On defendant's automobile, the radiator was burst, the front fenders torn, and the hood driven up into the windshield. There was a tire mark made by one of defendant's rear wheels extending back from point of impact 20 feet, indicating "the Ford had slid one wheel" for that distance. The Greene truck was propelled by the force of the blow 125 feet according to one witness, or two or three truck lengths according to another before being stopped. Greene's truck had two lights on the rear, a stop light and a clearance light, which came on when the brake was applied. These were working at the time. No hand signal was given. The collision occurred at 2:15 in the afternoon.

The statute defines reckless driving as follows: "Any person who drives any vehicle upon a highway carelessly and heedlessly in willful or wanton disregard of the rights or safety of others, or without due caution and circumspection, and at a speed or in a manner so as to endanger or be likely to endanger any person or property, shall be guilty of reckless driving." G. S., 20-140. Another statute prohibits the driver of a motor vehicle from following another vehicle more closely than is reasonable and prudent, with due regard for the safety of others, and the speed of such vehicles, in relation to the traffic on the highway. G. S., 20-152. The speed limit for vehicles at this place, as fixed by statute then in force, was 25 miles per hour.

In view of the language of the statute by which reckless driving of a motor vehicle on the highway is made a criminal offense, considered in connection with other safety regulations prescribed by law, and giving to the State's evidence the benefit of all reasonable inferences properly deducible therefrom, we think there is afforded sufficient basis for the finding that in the conduct of the defendant on this occasion there was a lack of that caution and circumspection enjoined by the statute, and that the defendant drove his automobile at such speed and in such manner as to endanger and be likely to endanger persons and property on the highway. The extent of the resultant injury to both vehicles is

indicative of excessive speed and the absence of proper regard for the rights and safety of others.

The evidence was sufficient to withstand a demurrer, and to carry the case to the jury. This is in accord with the decisions of this Court on similar facts in *S. v. Wilson,* 218 N. C., 769, 12 S. E. (2d), 654; *S. v. Cody,* 224 N. C., 470, 31 S. E. (2d), 445; *S. v. Flinchem, ante,* 149 (151), 44 S. E. (2d), 724; *S. v. Holbrook, ante,* 620.

In *S. v. Lowery,* 223 N. C., 598, 27 S. E. (2d), 638, the prosecution was for manslaughter and the question there presented involved the causal relation between breach of statutes regulating the operation of motor vehicles on the highway and the death of the deceased. Here we are chiefly concerned with the conduct of the defendant, rather than with the result of his acts. It is sometimes difficult to draw the line between unintentional or inadvertent violation of statutory regulations and those instances where the act is done intentionally, heedlessly, and in a manner likely to endanger persons or property. We think there is evidence here to bring defendant's case within the latter category. *S. v. Cope,* 204 N. C., 28, 167 S. E., 456; *S. v. Stansell,* 203 N. C., 69, 169 S. E., 580.

The defendant's exceptions to the court's charge to the jury are without substantial merit. The objection to the form of the judgment was waived in the event the other rulings of the court should be upheld.

We conclude that in the trial there was

No error.