## STATE v. CARL HENRY CALL.

(Filed 29 October, 1952.)

**1. Automobiles § 29b—**

The State's evidence tended to show that defendant's car struck a pedestrian after she had crossed the street and was walking on the very edge of the pavement in defendant's lane of travel. The State's evidence further tended to show that the pedestrian was knocked some thirty feet down the street, and that there was no vehicle immediately in front of defendant's car and that there was nothing to obstruct his view of the pedestrian as she crossed the street. *Held:* The evidence was sufficient to take the case to the jury on the charge of reckless driving in violation of G.S. 20-140, notwithstanding that other evidence, some of which was offered by the State, was sharply conflicting.

**2. Automobiles § 16—**

It is unlawful for a pedestrian to cross between intersections at which traffic control signals are in operation except in a marked cross-walk, but where a pedestrian violates this provision a motorist is nonetheless required to exercise due care to avoid colliding with him. G.S. 20-174 (c).

**3. Automobiles § 29b—**

Defendant was charged with reckless driving in violation of G.S. 20-140 as a result of his car's striking a pedestrian on the very edge of the pavement in his lane of travel. All the evidence tended to show that the injured pedestrian had crossed the street in the middle of a block between intersections at which traffic control signals were in operation, and there was no evidence that there was a marked cross-walk at the place. *Held:* An instruction to the effect that the pedestrian had a right to cross in the middle of the block and that motorists were under duty to do what was necessary for her protection, constituted prejudicial error.

BARNHILL, J., dissenting in part.

WINBORNE and DENNY, JJ., concur in dissent.

APPEAL by defendant from *Phillips, J.,* and a jury, June Special Term, 1952, of WILKES.

Criminal prosecution tried upon a bill of indictment charging the defendant with (1) operating a motor vehicle upon a public highway at a rate of speed greater than fifty-five miles per hour in violation of G.S. 20-141 as rewritten, Chapter 1067, Section 17, Session Laws of 1947, and (2) reckless driving in violation of G.S. 20-140.

The record discloses that the automobile driven by the defendant struck a pedestrian as she was attempting to walk across a street in a heavy traffic area of the town of North Wilkesboro, on a Saturday afternoon. The pedestrian was crossing from the south to the north side of the street in the middle of a block, between intersections at which traffic control signals were in operation, and was struck after reaching the traffic lane

on the north side in which the defendant was driving in a westerly direction on his right side of the street. The paved portion of the street is about 20 feet wide, with a dirt shoulder on each side.

The evidence is conflicting as to just how the pedestrian came to be struck.

The State relies on evidence which tends to show that the pedestrian was on the south side of the street, intending to cross over to get in her son's car which was parked on the shoulder on the north side of the street; that she waited until all the cars going eastwardly had passed and then walked on over to the north side, turned back toward her son's car, went a step or two westwardly down the street, and was struck from behind by the car driven by the defendant when she was practically off the payment on the north side, as she put it: "One foot was off on the dirt, the other was on the cement." There was no car immediately in front of the defendant, he being the first car in the line at the stoplight at the last intersection, and nothing was seen to obstruct the view between the defendant and the pedestrian as she moved from the south side across the street in front of the defendant's approaching vehicle. She was knocked about 30 feet down the street.

The defendant relies on evidence—offered in part by the State—tending to show that he was proceeding eastwardly along the street at a slow rate of speed, not exceeding 15 miles per hour, and that the pedestrian darted out from between two cars, traveling in the opposite direction, directly in front of his car, with such rapidity that he was barely able to get a glimpse of her and could not avoid hitting her.

At the close of the State's evidence defendant's motion for judgment as of nonsuit was allowed as to the count charging speeding in excess of fifty-five miles per hour. The jury returned a verdict of guilty on the reckless driving count. From judgment pronounced on the verdict, the defendant appealed, assigning errors.

*Attorney-General McMullan, Assistant Attorney-General Bruton, and Robert B. Broughton, Member of Staff, for the State.*

*W. H. McElwee for the defendant, appellant.*

JOHNSON, J. The evidence offered at the trial, while sharply conflicting, was sufficient to carry the case to the jury on the reckless driving count, and the defendant's motion for judgment as of nonsuit was properly denied. See *S. v. Steelman,* 228 N.C. 634, 46 S.E. 2d 845; *S. v. Holbrook,* 228 N.C. 620, 46 S.E. 2d 843; *S. v. Wilson,* 218 N.C. 769, 12 S.E. 2d 654.

However, the following portions of the charge form the basis of exceptive assignments of error which seem to be meritorious: "Now, the State

insists and contends, gentlemen of the jury, that this woman had a right to cross the street, and the Court charges you she did have a right to cross the street, and if she wanted to cross it in the middle of the block, she had a right to cross it in the middle of the block, she could have gone up to the intersection and crossed there, if she wanted to cross there, she had a right to cross there, but she also had a right to cross at any other place on the street, if she saw fit to do so, and the simple fact that she wasn't at an intersection didn't give anybody the right to run over her, they still were charged with the duty, anybody upon the highway, was still charged with the duty of doing that which was necessary for her protection, when she was crossing the street."

These instructions run counter to the express provisions of G.S. 20-174, which provide in pertinent part as follows: "(a) Every pedestrian crossing a roadway at any point other than within a marked cross-walk or within an unmarked cross-walk at an intersection shall yield the right-of-way to all vehicles upon the roadway. . . . (c) Between adjacent intersections at which traffic control signals are in operation pedestrians shall not cross at any place except in a marked cross-walk. . . . (e) Notwithstanding the provisions of this section, every driver of a vehicle shall exercise due care to avoid colliding with any pedestrian upon any roadway, and shall give warning by sounding the horn when necessary, . . ."

Here the evidence discloses no marked cross-walk, and all the evidence tends to show that the injured pedestrian was crossing a street in the middle of a block, between intersections at which traffic control signals were in operation, in violation of the express provisions of G.S. 20-174. True, the defendant was nonetheless required to exercise due care to avoid colliding with the pedestrian, but even so, it must be kept in mind that the defendant was not charged with a violation of this statute. He was on trial for alleged violation of G.S. 20-140, known as the reckless driving statute:

"Reckless driving.—Any person who drives any vehicle upon a highway carelessly and heedlessly in wilful or wanton disregard of the rights or safety of others, or without due caution and circumspection and at a speed or in a manner so as to endanger or be likely to endanger any person or property, shall be guilty of reckless driving, and upon conviction shall be punished as provided in Sec. 20-180."

And as bearing on the ultimate issue of whether the defendant was guilty of violating the reckless driving statute, it may be conceded that under the evidence adduced below it was pertinent and proper for the jury to consider the correlative duties imposed by G.S. 20-174 upon both the pedestrian and the defendant. See *Tysinger v. Dairy Products,* 225 N.C. 717, 36 S.E. 2d 246.

STATE *v.* CALL.

This being so, the defendant was entitled to have the presiding judge explain and correctly apply to the different phases of the evidence the provisions of G.S. 20-174. This the court failed to do. The instructions given were calculated to lead the jury to believe that the pedestrian had the right to cross the street wherever she wished, at any place within the block, and that the defendant was under the absolute duty to avoid hitting her. The challenged instructions must be held for prejudicial error.

Since the questions raised by the defendant's other exceptive assignments of error may not arise on retrial, we refrain from discussing them.

New trial.

BARNHILL, J., dissenting in part: The defendant's automobile collided with the prosecuting witness as she attempted to cross a heavily traveled street in North Wilkesboro in the middle of a block, or else she was walking along that part of the highway provided for vehicles. If she was walking along the highway she was on the wrong side. As it was unlawful for her to attempt to cross at that point, the defendant was under no duty to anticipate that a pedestrian would appear from behind a line of traffic to his left and walk into his line of traffic. Neither was it his duty to anticipate that a pedestrian would choose to walk along and upon the wrong side of the vehicular portion of the street rather than on the sidewalk. There is no evidence of excessive speed on the part of the defendant. Indeed, the court dismissed on that count. There is no evidence of any other violation by him of the rules of the road other than that he failed to maintain a lookout commensurate with the conditions as they then existed. In my opinion, therefore, the demurrer to the evidence should have been sustained.

To be guilty of the violation of the provisions of G.S. 20-140 one must be guilty of conduct in the operation of his vehicle which evidences a disregard for the rights and safety of others. The record, considered in the light most favorable to the State, discloses simple negligence and nothing more. This is not sufficient to sustain an indictment under G.S. 20-140.

Barring a dismissal, the error in the charge discussed in the majority opinion necessitates a new trial.

WINBORNE and DENNY, JJ., concur in dissent.