STATE v. MAMIE GARRETT HARVEY.

(Filed 13 April, 1955.)

**1. Arrest § 3: Criminal Law § 56—**

A warrant charging the defendant with resisting, delaying and obstructing a named officer while in the performance of his official duties, *is held* fatally defective in failing to indicate what official duty the officer was discharging or attempting to discharge, and in failing to point out, even in a general way, the manner in which defendant is charged with having resisted or delayed or obstructed such public officer, and defendant's motion in arrest of judgment is allowed.

**2. Assault § 10: Criminal Law § 56—**

A warrant charging defendant with assaulting a named officer while in the performance of his official duties is sufficient to repel a motion in arrest of judgment.

**3. Assault § 13—**

Evidence tending to show that defendant attempted to strike one officer with a Coca-Cola bottle and kicked him four or five times on his legs, and that she swung a Coca-Cola bottle at another officer, and bit him on the hand, *is held* sufficient to overrule nonsuit in prosecutions of defendant for assaulting the officers, notwithstanding defendant's evidence to the contrary.

**4. Criminal Law § 62f—**

The trial court may suspend the execution of its judgment upon prescribed conditions only with defendant's consent, express or implied, and when defendant appeals from such suspended judgments, the judgments will be stricken out and the cause remanded for proper judgments on the verdicts.

BARNHILL, C. J., took no part in the consideration or decision of this case.

APPEAL by defendant from *Parker, Joseph W., J.,* at August Term 1954, of PITT.

Criminal prosecution upon four separate warrants issued out of Municipal Recorder's Court of the city of Greenville, N. C., charging that on or about the 20th day of September, 1952, Mamie Garrett Harvey did unlawfully and willfully violate an ordinance of the city of Greenville, and laws of the State of North Carolina; " (1) Did resist, hinder, delay and obstruct a duly sworn officer, namely: V. C. Ackert, a Greenville police officer, while performing his official duty or attempting to discharge his duty . . .," etc.

(2) "Did assault Jim Davis, an authorized highway patrolman, while in the discharge of his official duty . . ."

(3) "Did assault V. C. Ackert, an authorized police officer, with her hands and fist and a Coca Cola bottle, while in the discharge of his official duty . . .," and

(4) "Did resist, hinder, delay and obstruct Jim Davis, a duly authorized State highway patrolman, while in the discharge of his official duty,"

"each contrary to said ordinance, against the statute in such cases made and provided, and against the peace and dignity of the said city and State" heard in Superior Court, on appeal thereto by defendant, and being there numbered 4651, 4652, 4653 and 4654, and consolidated for trial.

Defendant entered in each case a plea of not guilty.

Verdict: Guilty as charged.

Judgment: In cases No. 4652 and No. 4654, respectively, confinement in common jail of Pitt County for a term of 12 months, to be assigned to the quarters provided for women by the State Highway and Public Works Commission to run concurrently, execution of each sentence suspended on payment of a fine and costs and remain of good behavior for two years. And in cases No. 4651 and No. 4653, respectively, confinement in common jail of Pitt County for a term of 30 days, to run concurrently, execution of each sentence suspended on condition defendant be of good behavior for two years and pay court costs.

To the entering of the foregoing judgments, defendant objects and excepts and appeals to Supreme Court,—assigning error.

*Attorney-General McMullan and Assistant Attorney-General Moody for the State.*

*C. J. Gates and M. E. Johnson for defendant, appellant.*

WINBORNE, J.   Defendant moves in this Court for arrest of judgment (1) in the two cases based on warrants charging the defendant "did resist, hinder, delay and obstruct" a named officer, while in the performance of his official duty, and (2) in the case based on warrant charging that defendant "did assault Jim Davis, an authorized highway patrolman, while in the performance of his official duty."

(1) In the light of decisions of this Court in *S. v. Raynor*, 235 N.C. 184, 69 S.E. 2d 155; *S. v. Thorne*, 238 N.C. 392, 78 S.E. 2d 140; *S. v. Jenkins*, 238 N.C. 396, 77 S.E. 2d 796; *S. v. Scott*, 241 N.C. 178, 84 S.E. 2d 654; *S. v. Eason, ante*, 59, interpreting and applying the provisions of G.S. 14-223, the charge in each of the two cases, first mentioned above, is fatally defective. While the public officer is identified by name, the charge fails to "indicate the official duty he was discharging

STATE *v.* HARVEY.

or attempting to discharge, nor does it point out even in a general way the manner in which the defendant is charged with having resisted or delayed or obstructed such public officer,"—quoting language of *Bobbitt, J.,* in the *Eason case, supra.*

Therefore defendant's motions in arrest of judgment as to the charge in these two cases are allowed.

(2) However, the charge of assault upon the officer Davis is sufficient to repel a motion in arrest of judgment. Hence the motion is denied.

Moreover, the evidence offered by the State tends to show that while police officer Ackert, assisted by highway patrolman Davis, had defendant under lawful arrest for traffic violations committed in the presence of officer Ackert, at the police station she was "kicking, biting and hollering," and that she attempted to strike Ackert with a Coca Cola bottle and kicked him four or five times on his legs; and (b) that she grabbed a Coca Cola bottle, and swinging at patrolman Davis, she turned it "aloose" and it struck him across the knee, and that she bit him on the hand.

True, defendant on the other hand denied in the main evidence of the State in these respects, but the evidence offered by the State was sufficient to take the case to the jury and to support the verdicts of guilty on the charges of assault. Hence the case was properly one of fact for the jury to decide under appropriate charge of the court.

Other assignments of error presented by defendant, in brief filed in this Court, have been given due consideration, and in them prejudicial error is not made to appear. Therefore express consideration of them *seriatim* would serve no useful purpose.

It is noted that the numbering given to the case in Superior Court is not clear as to which case each applies. This needs clarification, and may be done in Superior Court in the light of this opinion.

Also, it appears that the judgments in the assault cases were suspended on conditions stated. But a court may suspend the execution of its judgment upon prescribed conditions only with defendant's consent, express or implied. Here defendant did not consent. She excepted and appealed. The judgment, therefore, is stricken out in each of the assault cases and the causes remanded for proper judgment on the verdicts, *S. v. Cole,* 241 N.C. 576, 86 S.E. 2d 203, and cases cited. See also *S. v. Eason, supra.*

For reasons stated:

Judgments arrested: On charges resisting officer.

Judgments stricken and causes remanded for proper judgment: On charges of assault.

BARNHILL, C. J., took no part in the consideration or decision of this case.