## STATE v. BURL MERRITT.

(Filed 31 October, 1956.)

**1. Criminal Law §§ 37, 38b—**

The time of defendant's release from jail was material to the controversy. The jailer was permitted to identify the record of arrest and testify that items entered thereon were in his handwriting. He was then permitted to testify as to the hour of defendant's release. *Held:* The State was not attempting to prove the contents of the record, but the writing was merely used by the witness for the purpose of refreshing his memory, and it was competent for the witness to use the writing for this purpose.

**2. Automobiles § 70: Indictment and Warrant §§ 9, 11½—**

Where a defendant goes to trial without moving to quash a warrant charging that he operated a motor vehicle while under the influence of "intoxicating liquor, opiates or narcotic drugs," he waives any duplicity resulting from the use of the disjunctive "or."

JOHNSON, J., not sitting.

APPEAL by defendant from *Bone, J.,* June 1956 Term of LENOIR.

Defendant was tried on an indictment containing two counts: one charging the operation of a motor vehicle on the public highways of North Carolina while under the influence of intoxicating liquor, opiates, or narcotic drugs; the other charging the operation of a motor vehicle on the public highways in a careless and heedless manner in disregard of the rights and safety of others. The jury found him guilty of operating a motor vehicle under the influence of intoxicating liquor and not guilty of reckless driving. From a judgment on the verdict defendant appealed.

*Attorney-General Patton and Assistant Attorney-General Giles for the State.*

*White & Aycock for defendant appellant.*

RODMAN, J. The assignments of error relate to the testimony of the jailer of Lenoir County. Defendant was arrested about 4:00 p.m. He testified that he was not intoxicated, had had only one glass of wine during the afternoon before his arrest, and that he was released from jail about 7:30 p.m. He contended that if he had been intoxicated as testified by the arresting and other officers, he would not have been released in such a short time. The State, to rebut the testimony of defendant as to his hour of release, called the jailer as a witness. He was handed a paper and asked if he had any handwriting on it, to which he replied that he did. He was asked:

STATE *v.* MERRITT.

"Q What handwriting do you have on there?

"A It shows the date of release from the jail, date and the hour." He testified that the record was the arrest and jail record of the defendant Burl Merritt.

"Q And you say you placed your handwriting or yourself, the notations on here?

"A The date and the hour at which he was released from the County jail . . .

"Q Did you write the name of this party here, Jesse Raynor, is that your handwriting?

"A Yes, sir.

"Q Was he the bondsman?

"A Yes, sir.

"Q Now, when was he released from jail, at what hour, Mr. Phillips?

"A He was released at 10:00 P.M. on December 4, 1955."

The defendant objected to the question as to the hour of release, insisting that the record itself was the best evidence of its contents. The answer is that the State was not attempting to prove the contents of the record. It was merely used by the witness for the purpose of refreshing his memory. The question and answer do not purport to relate to the contents of the document. They are directed to a specific fact, namely, the date and hour of release. It was competent for the witness to use his record for the purpose of refreshing his recollection as to the exact time of release from jail. *S. v. Peacock,* 236 N.C. 137, 72 S.E. 2d 612; *S. v. Smith,* 223 N.C. 457, 27 S.E. 2d 114.

Defendant moves this Court to quash the bill of indictment and in arrest of judgment. The bill follows the language of the statute and charges the operation of a motor vehicle "while under the influence of intoxicating liquor, opiates or narcotic drugs." The defendant insists that the use of the disjunctive "or" instead of the conjunctive "and" which might have been used renders his conviction void for uncertainty. Had the bill used the conjunctive word, no question could have been raised as to the sufficiency of the bill. The defendant could have required separate counts, one charging operation of a motor vehicle while under the influence of intoxicating liquor, the other charging the operation while under the influence of narcotics. By going to trial without making a motion to quash, he waived any duplicity which might exist in the bill. *S. v. Smith,* 240 N.C. 99, 81 S.E. 2d 263; *S. v. Puckett,* 211 N.C. 66, 189 S.E. 183; *S. v. Burnett,* 142 N.C. 577; *S. v. Hart,* 116 N.C. 976; *S. v. Mundy,* 182 N.C. 907, 110 S.E. 93; *S. v. Beal,* 199 N.C. 278, 154 S.E. 604. The motion is denied. In the trial there is

No error.

JOHNSON, J., not sitting.