STATE v. MARK EDWARD WELLS.

(Filed 10 April 1963.)

**1. Arrest and Bail § 6;   Automobiles § 65—**

A warrant form having the name of defendant and averment of the time of the commission of the offense typewritten, followed by the printed words, "did unlawfully and willfully operate a motor vehicle upon the public streets or highways," with the words "Resist Arrest" written in ink in the space provided for written descriptions of charges not included in the printed list of offenses against the motor vehicle laws, *held* fatally defective.

**2. Indictment and Warrant § 9—**

A statutory offense may be charged substantially in the language of the statute if its language charges the offense with sufficient definiteness to apprise the accused of the specific offense charged, enable him to prepare his defense, and to appeal his conviction or acquittal as a bar to a subsequent prosecution, otherwise the language of the statute must be implemented so as to supply the requisite definiteness.

**3. Criminal Law § 121—**

Judgment on a count in a warrant must be arrested when the record discloses that the court in its instructions to the jury did not refer to the count or to the evidence or contentions pertinent thereto, and thus did not submit the count for the determination of the jury.

**4. Intoxicating Liquor § 9—**

The printed form of the warrant for motor vehicle violations in this case had typewritten words naming defendant and specifying the date and place, followed by the printed words, "did unlawfully and willfully operate a motor vehicle upon the public streets or highways," followed by words written in ink, "(T)ransporting and possession of a quantity of nontaxpaid whiskey for the purpose of sale. . ." *Held:* The warrant is sufficient to charge defendant with the unlawful transportation of nontaxpaid whiskey, and under the circumstances the reference to "possession" and "for the purpose of sale" were non-prejudicial surplusage, there being no motion to quash for duplicity.

**5. Indictment and Warrant § 14—**

Duplicity in an indictment or warrant is waived by failure to move to quash.

**6. Criminal Law § 107—**

Where there is plenary evidence that defendant transported nontaxpaid whiskey in the trunk of his car, and it is apparent from the warrant and evidence that the court submitted to the jury the sole question of defendant's guilt of the one offense of unlawful transportation of nontaxpaid whiskey, with correct instructions thereon that the transportation of any quantity of nontaxpaid whiskey is unlawful, further reference in the charge to possession and transportation of taxpaid whiskey, *held* not prejudicial.

**7. Criminal Law § 121—**

    The arrest of judgment for fatal defects in the warrant does not bar subsequent prosecution on a valid warrant.

MOORE, J. dissenting in part and concurring in part.

HIGGINS and RODMAN, JJ., join in dissent.

APPEAL by defendant from *Burgwyn, Emergency Judge,* September 1962 Special Criminal Term of WAYNE.

Criminal prosecution on three warrants each charging that defendant, on Saturday, February 24, 1962, at 12:10 a.m., "did unlawfully and willfully operate a motor vehicle upon the public streets or highways," and thereafter indicating (in the manner and to the extent set forth below) the nature of the alleged criminal conduct of defendant.

Immediately below the (printed) words quoted above, there appears on the form a list of printed statements describing briefly certain violations of the motor vehicle laws. Opposite each such statement is a box in which the affiant may indicate by a check mark the listed violation, if any, for which the warrant is issued. Immediately below these (printed) statements space is available in which the affiant may *write* a description of a violation not included in the printed list. Thereafter, these (printed) words appear: "in violation of and contrary to the form of the statute(s) in such case(s) made and provided and against the peace and dignity of the State."

Each warrant bears the captions "Uniform Traffic Violation Record," and "Affidavit and Warrant," and each bears a "Serial No."

The warrant bearing "Serial No. 149412" does not purport to charge any listed violation. In the space below said list, the violation it purports to charge is written in ink in these words: "Transporting and possession of a quantity of nontaxpaid whiskey for the purpose of sale, to wit, 30 gallons of nontaxpaid whiskey."

The warrant bearing "Serial No. 149413" does not purport to charge any listed violation. In the space below said list, the violations it purports to charge are written in ink in these words: "Resist Arrest" and "Assault on officer J. F. Allsbrook in performance of his duty by striking him in the face with his fist, hand and elbow."

The warrant bearing "Serial No. 149411" purports to charge these violations: One (the first) listed violation is checked, to wit: "By speeding (over limit) 80 miles per hour in a 55 miles per hour zone." (Note: The figures 80 and 55 are written in ink.) In the space below said list, the violations it purports to charge are written in ink in these

words: "Careless and Reckless Driving (20-140)" and "Fail to Stop for Red Light and Siren."

The said warrants were issued February 28, 1962. Upon trial thereon in the Recorder's Court of Wayne County, defendant was adjudged guilty and judgments imposing prison sentences were pronounced. Defendant appealed. Upon trial *de novo* in the superior court, the cases (there designated Cases Nos. 7142, 7141, and 7143, respectively) were consolidated for trial. Consolidated for trial with them was a case designated in superior court as Case No. 7140 in which defendant was found *not guilty* of the charge of an assault with a deadly weapon, to wit, an automobile, with intent to kill.

The trial in superior court resulted in verdicts and judgments as follows:

With reference to the charge(s) in Case No. 7142, based on warrant bearing Serial No. 149412, the jury returned a verdict of guilty; and judgment imposing an active sentence of two years was pronounced.

With reference to the charge(s) in Case No. 7141, based on warrant bearing Serial No. 149413, the jury returned a verdict of guilty of "resisting arrest." The jury was unable to reach a verdict as to the assault charge in said warrant and, as to this charge, the State took a nol. pros. with leave. Upon the verdict of guilty of "resisting arrest," judgment imposing an active sentence of two years, to begin at the expiration of the sentence imposed in Case No. 7142, was pronounced.

With reference to the charge(s) in Case No. 7143, based on warrant bearing Serial No. 149411, the case on appeal states defendant was found guilty "of all of these charges." For "Careless and Reckless Driving," judgment imposing an active sentence of one year, to begin at the expiration of the sentence imposed in Case No. 7141, was pronounced. For "Fail to Stop for Red Light and Siren," judgment imposing an active sentence of one year was pronounced; but it was provided this sentence was to run concurrently with the sentence imposed for "Careless and Reckless Driving." For "speeding (over limit) 80 miles per hour in a 55 miles per hour zone," the judgment pronounced was identical with that pronounced for "Fail to Stop for Red Light and Siren."

Defendant excepted to said judgments and appealed.

*Attorney General Bruton and Assistant Attorney General Jones for the State.*

*Braswell & Strickland for defendant appellant.*

BOBBITT, J.   With reference to Case No. 7141, based on warrant bearing Serial No. 149413, the verdict and judgment relate solely

to the count in this warrant charging "Resist Arrest." This count, which presumably was intended to charge a violation of G.S. 14-223, is fatally defective; and, with reference thereto, defendant's motion in arrest of judgment is allowed. *S. v. Eason,* 242 N.C. 59, 62, 86 S.E. 2d 774, and cases cited; *S. v. Harvey,* 242 N.C. 111, 112, 86 S.E. 2d 793.

". . . while it is a general rule prevailing in this State that an indictment for a statutory offense is sufficient if the offense be charged in the words of the statute, *S. v. Jackson,* 218 N.C. 373, 11 S.E. 2d 149, the rule is inapplicable where the words of the statute do not in themselves inform the accused of the specific offense of which he is accused so as to enable him to prepare his defense or plead his conviction or acquittal as a bar to further prosecution for the same offense, as where the statute characterizes the offense in mere general or generic terms, or does not sufficiently define the crime or set forth all its essential elements." *S. v. Cox,* 244 N.C. 57, 59, 92 S.E. 2d 413.

With reference to Case No. 7143, based on warrant bearing Serial No. 149411:

1. The count in this warrant purporting to charge a violation of G.S. 20-140 describes the offense in these words: "Careless and Reckless Driving (20-140)." This count is fatally defective and, with reference thereto, defendant's motion in arrest of judgment is allowed. As indicated above, *the minimum* requirement of a warrant or indictment for a statutory offense is that such offense be charged substantially in the language of the statute. *S. v. Barnes,* 253 N.C. 711, 717, 117 S.E. 2d 849, and cases cited; *S. v. Wilson,* 218 N.C. 769, 12 S.E. 2d 654, and cases cited. (Note: As to punishment for violation of G.S. 20-140(a) and G.S. 20-140(b), see G.S. 20-140(c).)

2. The count in this warrant charging "Fail to Stop for Red Light and Siren," contains no reference to the statute(s) on which it is based. Without reference to whether this count sufficiently charges a violation of G.S. 20-158(c) or a violation of G.S. 20-157(a), the judgment imposing sentence thereon must be and is arrested. The court's instructions to the jury contain no reference to this count or to evidence or contentions pertinent thereto. Hence, it appears plainly the court did not submit this count for jury determination.

3. The count in this warrant charging that defendant unlawfully and wilfully operated a motor vehicle upon the public highway at a speed of 80 miles per hour in a 55-mile per hour speed zone sufficiently charges a violation of G.S. 20-141. However, the judgment imposing sentence on this count must be and is arrested. The court's instructions to the jury contain no reference to this count or to evidence or con-

tentions pertinent thereto. Hence, it appears plainly that the court did not submit this count for jury determination.

With reference to Case No. 7142, based on warrant bearing Serial No. 149412, the only count in this warrant charges that defendant "(o)n Sat. the 24 day of Feb. 1962 at 12:10 A.M. in Wayne County in the vicinity of N.C. 581 . . . did unlawfully and willfully operate a motor vehicle upon the public streets or highways: . . . Transporting and possession of a quantity of nontaxpaid whiskey for the purpose of sale, to wit, 30 gallons of nontaxpaid whiskey," etc.

Conceding the possession of nontaxpaid whiskey for the purpose of sale is a separate and distinct criminal offense, the portion of this warrant written in ink must be considered in relation to the preceding portion, namely, the accusation that the defendant unlawfully and wilfully operated a motor vehicle upon the public highway, etc. While inexpertly drawn, the warrant charges the unlawful transportation by defendant of 30 gallons of nontaxpaid whiskey, a violation of the Turlington Act, G.S. 18-2, and also a violation of the Alcoholic Beverage Control Act of 1937, G.S. 18-49.1, G.S. 18-49.2 and G.S. 18-49.3. Whether the transportation of the nontaxpaid whiskey was unlawful did not depend upon whether it was being transported for the purpose of sale. Moreover, only a person in the actual or constructive possession of nontaxpaid whiskey, absent conspiracy or aiding and abetting, could be guilty of the unlawful transportation thereof. Thus, in the circumstances here considered, we think the references to "possession" and "for the purpose of sale" were superfluous but did not mislead or prejudice defendant.

Defendant made no motion to quash the warrant and thereby waived any duplicity therein. S. v. Merritt, 244 N.C. 687, 688, 94 S.E. 2d 825, and cases cited. As to this warrant, defendant's motion in arrest of judgment (first made in this Court) is without merit and is denied.

When this warrant and the evidence and the charge relating thereto are considered, it appears clearly the court submitted for jury determination whether defendant was guilty or not guilty of one criminal offense, namely, the unlawful transportation of nontaxpaid whiskey, a misdemeanor. See S. v. Thompson, 257 N.C. 452, 457, 126 S.E. 2d 58, and cases cited.

Referring to this warrant, the court charged the jury in part as follows: "It is against the law . . . for any person in North Carolina to transport any amount of non-tax paid whisky; it is against the law in North Carolina for any person to transport more than one gallon of tax-paid whisky, at any time, unless he be a duly authorized

person of the state to transport it for ABC purposes, from place to place; (and the possession of any person in such a quantity as thirty gallons would carry with it the implication that the person had it for unlawful disposition or for sale.)" Defendant assigns as error the portion of the foregoing instruction enclosed by parentheses.

The context shows the court, in the excerpt challenged by defendant, was referring to law applicable to the transportation of taxpaid whiskey. There is no evidence or suggestion that the whiskey transported by defendant was taxpaid whiskey. As indicated, the court had instructed the jury correctly (and did so in further instructions) that the transportation of any quantity of nontaxpaid whiskey was unlawful. The reference to the possession and transportation of taxpaid whiskey was unnecessary. Even so, we do not perceive the court's comments with reference thereto were prejudicial to defendant.

There was plenary evidence nontaxpaid whiskey (30 gallons) was being transported in the trunk of defendant's car and that defendant tried (but failed) to outrun the State highway patrolmen and thereby avoid search of the trunk and discovery of the whiskey.

As to the charge of unlawful transportation of nontaxpaid whiskey, *defendant's testimony* is interesting. Summarized, except when quoted, defendant's testimony was as follows:

Until approximately two years prior to February 24, 1962, defendant had "hauled liquor for about a couple of years" for a man in Johnston County but "stopped for a while." Prior to February 24, 1962, defendant "had gotten behind on (his) bills" and "had to do something." A man "had been calling (him), telling (him) to come back," and as a result defendant made the following agreement:

Defendant was to go to Johnston County *three* times a week and on *one* of his trips back he "was supposed to have whiskey on the automobile." Defendant would drive his car to an agreed location in Johnston County and there be met by a man who would take his key and car and leave. Defendant would wait until the man brought his car back and returned his key. Defendant had no key or other means of opening the trunk or boot of his own car. When defendant's car and key were delivered to him, "the man" would drive off in his car after first telling defendant where he was to park his car on his next trip to Johnston County. Defendant would then drive to Goldsboro, "go down on Carolina Street, pass these buildings and pull in and park it (his car) on the lot." Defendant would leave his car on the lot and after about thirty minutes would come back and pick it up. Defendant was not present at any time "when the liquor was loaded on (his) car" or "when the liquor was taken off (his) car." The trip he was making

when stopped by a State highway patrolman was the third trip he had made that week. He "didn't think" there was any liquor on the car on this trip because "it was not sitting down." "Usually at the times it was ever on there, you could almost tell because usually it would set heavy." Defendant did not know the man with whom he made the foregoing arrangement, had had no contact with him, "not as far as personally meeting him." He did not know the name of the man in Johnston County to whom he delivered his car on February 23, 1962. This man "was a colored man who was driving a 1957 Ford . . ." This man "was always clean shaven and 'just ordinary' every time that (defendant) saw him. He would call (defendant) and tell (defendant) when it was time to go."

The foregoing testimony is a notable commentary upon the devious and ingenious ways in which those engaged in the business of violating the criminal law with reference to the transportation of whiskey seek to avoid detection and successful prosecution.

While there were errors in other respects, we find no prejudicial error with reference to defendant's conviction in Case No. 7142, based on warrant bearing Serial No. 149412, charging the unlawful transportation of nontaxpaid whiskey. It is noted that the sentence imposed by the judgment pronounced in Case No. 7142 did not depend upon or follow any other sentence but was to go into effect immediately.

It is noted: The arrest of judgment on the ground a warrant is fatally defective does not bar further prosecution on a valid warrant. *S. v. Barnes, supra,* and cases cited.

The warrants involved on this appeal emphasize again the necessity and importance of drafting criminal pleadings in accordance with well established legal requirements.

Case No. 7142, no error.

Case No. 7141, judgment arrested.

Case No. 7143, judgments arrested.

MOORE, J. dissenting in part and concurring in part:

I agree with the majority opinion that judgment should be arrested in cases 7141 and 7143. But in my opinion there should be a new trial in 7142.

In addition to the fatal defects in the warrants in cases 7141 and 7143, discussed in the majority opinion, these warrants are bad for duplicity. In a warrant or indictment consisting of several counts, each count should be complete in itself and the defendant should be named in each count. *State v. McCollum,* 181 N.C. 584, 107 S.E. 309.

In case 7142 the warrant charges "transporting and possession of a quantity of non-tax paid whisky for the purpose of sale. . ." Thus the warrant charges in one count two offenses, transporting (G.S. 18-2) and possession for the purpose of sale (G.S. 14-32). *State v. Sigmon,* 190 N.C. 684, 130 S.E. 854. An indictment or warrant which charges more than one offense in the same count is bad for duplicity. *State v. Cooper,* 101 N.C. 684, 8 S.E. 134.

A motion to quash for duplicity should be made before pleading to the charge, and if made after plea it is addressed to the sound discretion of the court and is not allowable as a matter of right. *State v. Beal,* 199 N.C. 278, 154 S.E. 604. If the motion is made after verdict it comes too late. *State v. Avery,* 236 N.C. 276, 72 S.E. 2d 670; *State v. Mundy,* 182 N.C. 907, 110 S.E. 93.

There was no motion to quash for duplicity in the instant case, and the point is not raised on appeal. The matter of duplicity is discussed here because it emphasizes the error in the court's instructions to the jury.

The majority opinion points out that the warrant deals generally with the operation of a motor vehicle on a street or highway and concludes therefrom the reference to possession of whiskey for the purpose of sale is mere surplusage, that the warrant only charges unlawful transportation. But it should be borne in mind that it is unlawful to possess whiskey for sale, under the statutory prohibitions, at any place, even in a moving motor vehicle.

The trial judge instructed the jury:

"He (defendant) is charged first of all with transportation of non-tax paid whisky and possession of non-tax paid whisky for the purpose of sale.

"It is against the law . . . for any person in North Carolina to transport any amount of non-tax paid whisky. . . .

"(and the possession of any person in such a quantity as thirty gallons would carry with it the implication that the person had it for unlawful disposition or for sale.)"

Later in the charge, the court stated to the jury:

". . . (y)ou will proceed to consider whether or not you find him guilty of transportation of and possession of non-tax paid whisky." (Defendant was not charged with "possession," but was charged with "possession for the purpose of sale." *State v. Cofield,* 247 N.C. 185, 100 S.E. 2d 355.)

Thereafter, the instructions as to the warrant in case 7142 deal only with the contentions of the State and defendant with respect to transportation of intoxicating liquor.

I agree that the court correctly charged the law respecting transportation of liquor. But the charge was both erroneous and incomplete as to possession for the purpose of sale. As a literary matter, I agree that it is a possible, though not a necessary, construction of the court's charge on possession and possession for sale that it is merely explanatory of the instruction as to transportation. But nowhere does the court expressly inform the jury that it is to disregard "possession for the purpose of sale" and consider only whether the defendant is guilty of transporting intoxicating liquor. Moreover, at no place in the charge is the jury informed what possible verdicts it may render.

In case 7142 the jury returned a general verdict of guilty. We do not know whether it intended to return a verdict of guilty of, transporting intoxicating liquor, a verdict of guilty only of possession of intoxicating liquor for the purpose of sale, or a verdict of guilty of both. If it intended either of the two latter verdicts, the verdict is based on an incomplete and incorrect charge. In my opinion the jury did not have proper legal direction and guidance in case 7142 and was left to its own devices in arriving at a verdict. I vote for a new trial in case 7142.

HIGGINS AND RODMAN, JJ., join in this opinion.