STATE OF NORTH CAROLINA
v.
COREY LAMOND VAUGHAN
No. COA08-158
Court of Appeals of North Carolina
Filed November 4, 2008
This case not for publication
Roy Cooper, Attorney General, by Melissa H. Taylor, Assistant Attorney General, for the State.
Cheshire, Parker, Schneider, Bryan & Vitale, by John Keating Wiles, for defendant-appellant.
MARTIN, Chief Judge.
Defendant appeals from a judgment entered upon verdicts of a jury finding him guilty of trafficking in cocaine by possession and transportation of more than 28 grams but less than 200 grams of cocaine and having attained habitual felon status.
The evidence presented at trial tended to show that Chief of Police Don Ryan was on patrol in Woodland, North Carolina, during the afternoon of 21 October 2005, and as he was driving into town, he saw defendant driving a car. Chief Ryan knew that defendant's driver's license had been suspended, and he tried to turn his car around in order to stop defendant. Because Chief Ryan was caught in traffic, he called Deputy Greg Colson, who was nearby, to assist in stopping the vehicle. Chief Ryan caught up with defendant as he was turning into a trailer park, and Chief Ryan turned on his siren and lights, signaling defendant to pull over. Defendant proceeded past several trailers before Deputy Colson pulled in front of defendant's car and stopped defendant.
Defendant had one passenger with him in the car, Claude Gregory Hicks. Chief Ryan asked to see defendant's driver's license, and defendant told him he did not have one because it had been suspended. Chief Ryan asked defendant to sit in the police car while he wrote the citation for driving while license suspended. Meanwhile, Chief Ryan ran the tags on the 1987 Nissan which defendant was driving and discovered the tags had been issued for a 1984 Saturn. The Nissan was titled in the name of Dorothy Vaughan, defendant's wife. Chief Ryan asked defendant if he could search the vehicle, and defendant gave permission. Deputy Colson searched the vehicle and discovered a white plastic bag with four rocks of a white, hard substance that was under the edge of the driver's seat. In the trunk of the car, Deputy Colson found a box containing a razor and a white plastic bag holding a large amount of an off-white, rock-like substance. Deputy Colson arrested defendant for possession of cocaine and placed him in handcuffs; then Police Chief Ryan patted down defendant and discovered $712 in cash in his pockets. The officers also learned that there were outstanding warrants for Hicks. Both men were arrested and taken to the police station to be processed. The substance found in the front of the car was later determined by the State Bureau of Investigation laboratory not to contain any controlled substance, but the substance found in the trunk of the car was determined to be 31.8 grams of cocaine.
Chief Ryan recounted the following incident, which occurred at the police station:
A. While I was in [the room with defendant] he said, look, I can make a buy. He had his cell phone. He said watch and I'll show you. And he starts dialing. And as it started to ring Deputy Colson said, hey, Chief Ryan, I need some more information on somebody, . . . [a]nd [defendant] said, man, I can't do this with you guys talking like that.
He said, well, let me try it again. And he called. He had it on speaker phone where it was real loud and I could hear it. And then he had a conversation with someone asking if he could make a buy I think 3 ounces he said or something similar to that.
Q. What did he mean by 3 ounces?
A. When they buy and it's cocaine, you buy in big bundles of 3 ounces or you can buy bigger ones.
Q. How long did that conversation last with [defendant] on his cell phone?
A. Not more than two minutes because the guy told him on the other end said I can do it and he said when can I do it and he said not until five or not until nine tonight and he said how much it will be.
. . . .
A. He said the amount but I can't remember. Again that's in my report. I think he said $2350 or something similar to that.
At trial, defendant testified that on 21 October 2005, although he was married and had two children, he had been visiting another woman outside of Woodland. As he was leaving her house to return to Woodland and go to his aunt's trailer, Hicks asked defendant for a ride. Hicks had a hat, a box, and a shirt, which defendant told him to put in the trunk because defendant had other items on the back seat. As the men neared town, they noticed Chief Ryan drive past, but they continued driving to the trailer park. They also noticed Deputy Colson before they turned into the trailer park, but defendant did not see the police lights because he did not have a rear view mirror and he did not hear any sirens because he had the music playing loudly. Defendant had passed only two trailers before Deputy Colson pulled in front of defendant and stopped defendant's car. After defendant testified, defense counsel moved to dismiss both charges against defendant. The court denied the motion to dismiss, and the jury found defendant guilty on both charges.
Although defendant made five assignments of error, he raises only one in his brief; therefore, we deem the remaining assignments of error abandoned. N.C.R. App. P. 28(b)(6) (2008).
The only issue before us is whether the trial court erred in denying defendant's motion to dismiss the charges of trafficking in cocaine by possession and trafficking in cocaine by transportation.
In ruling on a motion to dismiss at the close of evidence made pursuant to G.S. § 15A-1227, a trial court must determine whether there is substantial evidence of each essential element of the offenses charged. If, viewed in the light most favorable to the State, the evidence is such that a jury could reasonably infer that defendant is guilty, the motion must be denied.
State v. Williams, 154 N.C. App. 176, 178, 571 S.E.2d 619, 620-21 (2002) (citation omitted). "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." State v. Smith, 300 N.C. 71, 78-79, 265 S.E.2d 164, 169 (1980). "Any inference should be drawn in the light most favorable to the prosecution . . . ." State v. Munoz, 141 N.C. App. 675, 684, 541 S.E.2d 218, 224, cert. denied, 353 N.C. 454, 548 S.E.2d 534 (2001).
An essential element of trafficking in cocaine by possession and trafficking in cocaine by transportation, in violation of N.C. Gen. Stat. § 90-95(h)(3) (2007), is "that defendant knowingly committed the acts charged." Munoz, 141 N.C. App. at 684, 541 S.E.2d at 224. "Possession of controlled substances may be actual or constructive." State v. Carr, 122 N.C. App. 369, 372, 470 S.E.2d 70, 73 (1996). The charge of trafficking in cocaine by transportation also requires the State to show that defendant had actual or constructive possession of the cocaine. See State v. Boyd, 154 N.C. App. 302, 307, 572 S.E.2d 192, 196 (2002) ("`[O]nly a person in the actual or constructive possession of [contraband], absent conspiracy or aiding and abetting, could be guilty of the unlawful transportation thereof.'" (alterations in original) (emphasis omitted) (quoting State v. Wells, 259 N.C. 173, 177, 130 S.E.2d 299, 303 (1963))).
Defendant argues that the State failed to meet its burden of establishing that defendant was in actual or constructive possession of the cocaine found in the trunk of the car. [I]n a prosecution for possession of contraband materials, the prosecution is not required to prove actual physical possession of the materials. Proof of nonexclusive, constructive possession is sufficient. Constructive possession exists when the defendant, while not having actual possession, . . . has the intent and capability to maintain control and dominion over the narcotics. Where such materials are found on the premises under the control of an accused, this fact, in and of itself, gives rise to an inference of knowledge and possession which may be sufficient to carry the case to the jury on a charge of unlawful possession. However, unless the person has exclusive possession of the place where the narcotics are found, the State must show other incriminating circumstances before constructive possession may be inferred.
State v. Matias, 354 N.C. 549, 552, 556 S.E.2d 269, 270-71 (2001) (alterations in original) (citations and internal quotation marks omitted). Following our Supreme Court's reasoning in Matias, we first consider whether the drugs were found "on the premises under the control of an accused." Id. The Court of Appeals "has consistently held that `[t]he driver of a borrowed car, like the owner of the car, has the power to control the contents of the car.'" State v. Tisdale, 153 N.C. App. 294, 298, 569 S.E.2d 680, 683 (2002) (alteration in original) (quoting State v. Glaze, 24 N.C. App. 60, 64, 210 S.E.2d 124, 127 (1974)). In the case before us, the undisputed evidence showed that defendant was driving the car and was in control of the car at all times relevant to our inquiry, "giv[ing] rise to an inference of knowledge and possession," but this inference alone is insufficient to show constructive possession because defendant did not have exclusive possession of the car. See Matias, 354 N.C. at 552, 556 S.E.2d at 271. Thus, the State must show other incriminating circumstances to make the inference of constructive possession reasonable.
In recent opinions, our Supreme Court has "considered a broad range of other incriminating circumstances, concluding in each instance that an inference of constructive possession was appropriate although the defendant did not have exclusive possession of the [place where] the contraband was seized by law enforcement authorities." State v. McNeil, 359 N.C. 800, 812, 617 S.E.2d 271, 279 (2005). The relevant inquiry has been whether the circumstances would lead a jury to "reasonably determine" or "reasonably conclude" that "defendant knew drugs were in the car." Matias, 354 N.C. at 552, 556 S.E.2d at 271.
Defendant contends that the State did not meet its burden of showing other incriminating circumstances giving rise to a reasonable inference of constructive possession. However, viewing the evidence in the light most favorable to the State, the evidence at trial showed several incriminating circumstances. Defendant did not stop when Chief Ryan pulled up behind him using his police lights and siren and only stopped after Deputy Colson's car blocked him. Further, defendant was carrying $712 in cash at the time he was stopped. While this evidence alone might be insufficient to create a reasonable inference of constructive possession, see State v. Acolatse, 158 N.C. App. 485, 488-90, 581 S.E.2d 807, 810-11 (2003) (holding motion to dismiss was improperly denied where defendant fled from officers and had a large amount of cash, but where cocaine was found on premises not under defendant's control),in the present case, defendant also voluntarily arranged a drug buy in Chief Ryan's presence, immediately after being arrested and taken to the police station. These incriminating circumstances, coupled with the inference of knowledge and possession arising from defendant's control of the car, would allow a jury to reasonably conclude that defendant knew about the drugs in the car. Accordingly, the trial court did not err in denying defendant's motion to dismiss the charges.
No error.
Judges McGEE and STEPHENS concur.
Report per Rule 30(e).